By the Court. Bosworth, J.
The plaintiff was injured by two trains running in opposite directions coming in collision. Both trains belonged to the defendants, and were controlled by their agents. The collision resulted from their gross negligence. The plaintiff was, at the time of the collision, in the post-office apartment of the baggage car. It was a much more dangerous location, on the happening of such a collision as took place, than a seat in the passenger cars, and he knew this fact. The conductor acquiesced in his riding in the baggage car: he was, therefore, lawfully in that car; that is, he was not a trespasser by being there. His being there did not tend, directly or indirectly, to produce the collision which injured him. If he had been in either of the passenger cars, the collision would have taken place; but if he had been in a passenger car, he would not have been injured, unless the collision had been productive of consequences to him not suffered by any one in a passenger car.
The collision was not caused, directly or indirectly, immediately or remotely, by his being in the baggage car; but the injury to himself resulted from the fact that he was in that car when it occurred, and- he knew when he took his seat in it, that, if a collision took place between that and another train running in the opposite direction, the position was one of much more danger than a seat in either passenger car.
Was that a negligence on his part contributing to produce the injury within the meaning of the rule, that, “ whenever it appears that the plaintiff’s negligence or wrongful act had a material effect in producing the injury, or contributed towards it, he is not entitled to recover % ” Ho care on the part of the plaintiff could have prevented the collision; no vigilance on his part, after there were any grounds for apprehending a collision, could have saved him from injury. The collision, there *579 fore, was wholly without any fault or negligence on his part, and by the collision he was injured.
It was the duty of the defendants to employ the most scrupulous care and attention, to prevent a collision of their trains running in opposite directions. The plaintiff was under no obligation to the defendants to select a location, with a view to avoid the possible consequences of their neglect of that duty. A neglect of that duty would be generally regarded as imminently perilous to all the passengers on board. Whatever may be believed to be the relative safety, under such circumstances, of those occupying the passenger cars, probably but very few, if any, would take a passage in a train which they knew it was morally certain would come in collision with one going, at the usual running speed, in an opposite (Erection.
The defendants, at the time of the collision, were not in the lawful exercise of their rights. It was their duty, at all events, to so run their trains that such a collision should not occur. Where an injury is inflicted on a passenger directly and solely by such a collision, if the notices specified in Chap. 140, § 40 of the Session Laws of 1850, p. 234, are not at the time posted up as prescribed by that act, the injured party may-recover, even though he be in the baggage car, if there with the knowledge and without objection from the conductor. The fact that there was accommodation for him in the passenger cars will not exempt them from liability in such a case, though the actual results of the collision may demonstrate that, on that particular occasion, he would not have been injured if hq had been, at the time of the collision, in the passenger cars.
The defendants’ counsel requested the court to charge the jury, “ if they believed that the plaintiff, by riding in the baggage car, increased the risk of injury to himself, and this was negligence which contributed to the injury plaintiff suffered, he cannot recover, althóugh he had no agency whatever in producing the collision.”
The judge refused to instruct the jury in these terms, but charged them that
“The plaintiff here did nqt contribute to produce the collision itself, and there was not, therefore, such negligence on his part as will defeat the action,
*580 “ If the plaintiff was there with the assent of the conductor, notwithstanding the notice, he was not in fault, unless he was guilty of negligence which concurred directly in producing the injury.
“ Where an injury occurs, if both parties are guilty of negligence, the plaintiff cannot recover. The law cannot measure degrees of negligence. The negligence of the plaintiff, however, must concur directly, not remotely, in producing the accident or injury.”
The difference between the charge as made and as it was requested that it should be made, is this:—
The latter assumes that the defendants, in case of a collision occurring from their gross neglect, are not liable for injuries occasioned to a passenger riding in the baggage car, though occasioned by reason of that car being entirely demolished, if the result demonstrates that he would not have been injured if seated in a passenger car.
Whereas the charge declares the rule to be, that in such a case the defendants are liable if the injured person was in that car with • the assent of the conductor, unless guilty while there, of some negligence which concurred directly in producing the injury.
For instance, if the plaintiff was there with the assent of the conductor, he was where, as between him and the defendants, -he had a lawful right to be; and if, in consequence of the collision, the baggage car was not itself destroyed, but some of the baggage in it was thrown by the collision from the spot where it had been placed, and came in contact with him so as to injure him, the rule that the defendant was guilty of a negligence which contributed directly to his own injury might apply, on the ground that he knowingly and voluntarily selected a place of unusual danger, and the fact of his occupying it concurred directly in producing the injury.
I do not perceive why it may not, with equal force, be answered, that if he had not been in that car, he would not have been injured; and that the gross negligence of the defendants would have caused him no damage if he had been in the car provided for passengers, and in which a proper precaution required him to be seated.
It seems to me that if the defendants are to be held liable in *581 such a case, it must be on the broad grounds, that if a collision of their trains occurs from their gross neglect, by which a passenger is injured, they cannot be exempted from the consequences, on the ground that he was knowingly in a place more dangerous to his safety in the event of such an occurrence than a seat in the passenger cars, if he was lawfully in the place where he was injured. That the defendants are under an obligation to so run their trains that those going in opposite directions shall not come in collision. That it is gross negligence in their officer’s and agents not so to run them. That a passenger is under no obligation to take any extra care with the sole view of preventing or mitigating consequences that may result from such a gross neglect of duty on their part.
But for this gross neglect, there would have been no collision and no injury. The only answer the defendants can make is, our gross negligence would not have injured you if you had been in a car set apart for passengers, which, as was well known, was much the safest place of the two, in the event of our running two trains into each other. The injured party may properly reply, I owed no duty to you requiring me to guard against or to anticipate the possibility of such an act on your part, the non-performance of which can exonerate you from liability to compensate for injuries caused by such a.n act.
In Munger v. Tonawanda R. R. Co. 4 Coms. 349, the plaintiff failed to recover damages sustained in consequence of his oxen being run over by the defendants’ cars, on the ground that the oxen, having strayed on the track, were there without right, and, as to the defendants, unlawfully. The law imposed on them no duty to guard against an injury to others which could arise only from their own wrong, and which they were not bound to anticipate with a view to prevent the consequences of its possible occurrence. In that case, as will be observed on considering it, the fault or negligence of the plaintiff contributed to produce the collision or act which caused the injury. I apprehend that a careful consideration of all the cases on which the defendants’ counsel rely, in support of the rule for which they contend, will show that it is accurately expressed by saying that one party cannot recover from another damages for an injury, when his own negligence or wrong contributed *582 to bring about the act or occurrence which directly caused the injury; and that, if his own negligence or Wrong did not contribute to produce the act which caused the injury, the party doing the act is liable.
In Blyth v. Topham, Cro. Jac. 158, the plaintiff’s mare, straying into a common in which the defendant had dug a pit, fell into it and was killed. It was held that the plaintiff could not recover. The plaintiff had no right in the common; it was his own wrong that the beast was there. She was unlawfully there, and his wrong contribtited to the act which caused the injury, viz. her falling into the pit.
In Bush v. Brainard 1 Cowen, 78, the plaintiff’s cow, in the night-time, went to an open shed, on uninclosed wood-land belonging to the defendant, and drank some maple syrup which the defendant had left there. This Caused her death. The court held that, the plaintiff having no right to permit his cattle to go at large, his own fault or negligence contributed to produce the act which caused the injury, and, therefore, he could not recover.
In Sarck v. Blackburn, 4 C. &P. 297, brought to recover damages for being bitten by a dog of the defendant, which was, at the time, chained in a yard in rear of the defendant’s house, near one of the passages leading to it, and through which the plaintiff was walking when the dog bit him, Tihdal, Oh. J., instructed the jury that “ the question will turn upon the point whether there was a justifiable right to be on the spot.
“If a man puts a dog in a garden, walled all round, and a wrong-doer goes into the garden, and is bitten, he cannot complain in a court of justice of that which is brought upon him by his own act. Undoubtedly, a man has a right to keep a fierce dog for the protection of his property; but he has no right to put the dog in such a situation, in the way of access to 'his house, that a person innocently coming for a lawful purpose may be injured by it. • I think he has no right to place a dog so near to the door of his house that any persoii coming-to ask for money, or on other business, might be bitten.”
A board was placed on the palings, on which was painted, in letters three inches in length, “ Beware of the Dog! ”
The. Court further charged, “ It does not appear to me that *583 this notice is sufficient so as to bar the action, if tjie plaintiff had any right at all to be on the spot, for it seems that he was not able to read.”
In Blackman v. Simmons, 3 Carr and P., 138, the plaintiff sued to recover damages for injuries inflicted by a vicious bull owned by the defendant.
Best, J., in his charge to the jury, said: “ It appears that this bull was not sufficiently secured. If the plaintiff had gone where he had no right to go, that might have been an answer to the action; but the fact is not so. The plaintiff had a right to be where he was.” The defendant was held liable.
In Howland v. Vincent, 10 Met. 371, the plaintiff, in the night-time, went outside of the line of the street, and fell into an excavation dug by the defendant on his own land. The plaintiff was held to be in fault for being where he had no strict right to be, and as the defendant had only done what it was lawful for him to do, the plaintiff failed to recover.
In Cook v. The Champ. Trans. Co., 1 Denio, 91 (100 and 101), brought to recover for buildings destroyed by being set on fire by sparks and cinders escaping from the smoke-pipe of a boat owned by defendants, the defendants insisted in bar of the action that the injury done was attributable, in part, to the negligence of the plaintiffs “ in voluntarily placing their property in an exposed position, and therefore the law would afford them no redress.” (P. 99.)
The court, after discussing the principle and the consequences of upholding it, observed that we must at last “ come to the conclusion that, while a person confines himself to a lawful employment on his own premises, his position, however injudicious and imprudent it may be, is not, therefore, wrongful; and that his want of due care or judgment in its selection, can never amount to negligence, so as thereby to deprive him of redress for wrongs done to him by others.” (Id. p. 101.)
Regligence is a violation of the obligation which enjoins care and caution in what we do. But this duty is relative, and where it has no existence between particular parties, there can be no such thing as negligence in the legal sense of the term. A man is under no obligation to be cautious and circumspect towards a wrong-doer. (5 Denio, 266,7.)
*584 A proper application of the principles of these cases, as well as of others relating to the same subject, leaves the plaintiff’s right to recover free from all reasonable doubt.
He took a seat in the post-office apartment of the baggage car. The position was injudiciously chosen, and may be assumed to have been known to him to have been a far-more dangerous one than a seat in a passenger car. But he took it with the assent of the conductor. He was not there as a trespasser, or wrongfully, as between him and the defendants. So far as all questions involved in the decision of this action are concerned, he was lawfully there. His being there was not such negligence, in the legal sense of the term, as exonerates the defendants from the consequences of injuring him by such culpable negligence as consists in running two trains of their cars so violently into each other as to entirely demolish the car in which he was sitting..
On such a state of facts, the defendants are not at liberty to urge that the plaintiff was voluntarily in an unnecessarily exposed position. The injury was 'caused directly and wholly by the gross negligence of the defendants. The plaintiff was lawfully in the place he occupied, was passive, did nothing, and was incapable of doing anything.
While in this position, the defendants, by gross negligence, imminently dangerous to the lives of all the passengers in the train, caused him severe injuries. He was under no obligation to them to be more prudent and careful than he was, in contemplation of there possibly being such highly culpable conduct on their part as would, in all probability, endanger his life if he remained where he was, and his personal safety on any part of the train.
Skinner v. London, Brighton, and South Coast R. R. Co., 2 L. and Eq. R. 360; 2 McMull, S. C. R. 404; Felder v. Louisville, &c., R. R. Co., 7 Ad. and Ellis, N. S. 377-378 ; Mayn, &c. v. Brooke.
We all concur in the opinion that no error was committed to the prejudice of the defendants, either in refusing to charge as requested, or in the charge as made; and that the judgment appealed from must be affirmed, with costs.