By the Court. Bosworth, J.
The fourth, question specially-submitted. to the jury was in these words:—
“Were the defendants, the two companies, or either of them, by their agents, guilty of any negligence which caused the injury to the plaintiff; and, if only one of them, which ?” To this question the jury answered, “both.”
I understand the jury, by their answer to this question, to have found, that the negligence of both companies concurred to produce the collision which caused the injury.
The counsel for the New Haven Railroad Company insiste that no action will lie against the defendants jointly, as the negligence of each was an independent act or omission of its own. That to maintain such an action, a single act in furtherance of a common purpose, or a single omission of duty, which was in fact joint, must be shown.
He also insists that, inasmuch as the jury have found that the negligence of the Harlem Company concurred with that of the New Haven Company to produce the collision, so that the former could not maintain an action against the latter, to recover damages resulting from the collision, the plaintiff is equally precluded from recovering for any injury inflicted on himself, on the ground that, as between the plaintiff and the New Haven Company, the car of the Harlem Company was the plaintiff’s carriage, and the negligence of that company, for all the purposes of this action, is to be treated as his negligence.
The first of these two propositions challenges the right of the plaintiff to maintain an action against the defendants jointly.
The other denies all liability of the New Haven Company to the plaintiff, even though sued alone.
The complaint states, as a cause of action, that the plaintiff was injured, by such negligent management by each company of its train of cars, that the two trains came in collision, and that by such collision the injury was inflicted.
*402 If the views pressed upon our consideration, by the counsel of the New Haven Company, are sound, then it is obvious that the complaint could have been demurred to by that company, on the grounds:—
First. That it appeared, on the face of the complaint,, that several causes of action had been improperly united, inasmuch as each of them do not affect all the parties to the action. (Code, § 144, sub. 5, and § 167, sub. 7.)
Second, That the complaint does not state facts sufficient to constitute a cause of action, in favor of the plaintiff, against the New Haven Company. (Code, § 144, sub. 6.)
The Code is explicit, that when the first objection appears on the face of the complaint, and the defendant omits to demur, he shall be deemed to have waived it. (Code, § 148.)
When two persons are made defendants, and the complaint states, as a cause of action, facts sufficient to constitute a cause of action against each, and to create, by reason of the same facts, a liability of each co-extensive with that of the other, so that the measure and rule of damages is precisely the same in the one case as in the other, and neither defendant demurs, it may be a nice question, under the Code, whether a single verdict against both would be erroneous. If the verdicts and judgments were several, and each for the same amount, apd the judgment was collected in full of either company, it is not apparent on what principle such company could recover contribution from the other. If each is liable, it is not obvious that a joint verdict and judgment can operate, in legal contemplation, to the prejudice of either. (2 Kern. 580.)
If both companies are liable, but the liability is several, and if they would have had a right, if they had demurred to the complaint, to have been sued in separate actions and tried separately, yet it is undeniably true that if each company is separately liable, the liability of each arises out of the same transaction, and it is to be or may be established by precisely the same evidence in the one case as in the other. The liability is for the same injury, and arises from each defendant having so acted at the same moment of time that the action of each, though independent of that of the other, contributed to produce a catastrophe which caused the injury.
*403 Assuming the fact, as to the concurring and contributory negligence of each defendant to be as the jury has found it, and that it has been found on proper evidence and under a correct charge to the jury, then it is evident, that in a case of the peculiar facts and circumstances of the present, it is more a matter of form than of substance, that a verdict of $450 has been rendered against both defendants jointly, instead of a separate verdict against each for that amount.
There is no complaint made on this motion, that the damages are excessive, or that the charge to the jury, in respect to the damages, was erroneous in any particular. But, assuming that the Hew Haven Company is liable, is the objection well founded in fact, that a joint action is not the proper remedy, irrespective of any provision of the.Code relating to the practice in such cases?
The defendants, together, caused the collision. If each company had done the acts it did, with intent to produce the collision, then, I presume, there would be no question that a joint action would lie at the suit of any party damaged directly by it. But in that case, the collision would be no more the joint act of the two than it was in the present case. On the one supposition, the result produced, that is, the collision, was intended by both; on the other supposition, it was not intended by either. If liable jointly in the former case, and not in the latter, it must be for the reason that in the one the intent to do what was done creates a joint liability, and in the other, the absence of any such intent makes the liability several.
But when a party does a wrong which causes an injury, he is liable for the consequences, whether he intended to injure any one or not. A person who negligently performs a duty, and by such negligence injures another, is guilty of a wrong, so far as the rights and remedies of parties in civil actions are concerned. When a person is prosecuted in order to recover from him the damages which his negligence has caused to another, it is no defence that negligence, or a purpose to injure, was not intended.
In this case, it is impossible to ascertain what portion of the injury was caused by the negligence of one defendant, and what portion by that of the other. The negligence of each co-operated with that of the other, and the concurring and contributory negli *404 gence of both was the direct, and immediate, and sole cause of the collision, or, in other words, caused the injury.
If two persons, driving each his own carriage on a public highway in opposite directions, come in collision in consequence of each having been guilty of such negligence that neither could recover of the other, and a third person, not in either carriage, without any fault or negligence on his part, is injured by the collision, can it be doubted that he may sue the parties jointly and recover ?
The inj ury was caused by a single act. It was caused directly by the joint action of the two; not by action had in pursuance of a common intent to cause a collision, but by action to which each was, in fact, a party.
There would seem to be no considerations of public policy or of justice to either of the defendants, requiring several actions to be brought if it be conceded that each is liable, and to precisely the same extent. The injury is single, and the immediate cause of it is a single act. The same evidence that establishes the liability of one, on such a state of facts as the jury have found, establishes that of the other. It is true, there might be a recovery against one without proving any negligence of the other, or although negligence of the other might be disproved.
If but one was guilty of negligence, when the complaint charges that the injury was caused by the concurring negligence of both, and for that reason the one free from fault is free from liability, he must be acquitted. He incurs no "more hazard of not obtaining a verdict according to the evidence than any one sued with others in any action of tort does, whom the evidence is insufficient to convict of a direct or actual participation in the wrong charged. (See Fosgate, et al. v. Herkimer Manufacturing and Hydraulic Co., and others, 2 Kern. 580.)
In a case like the present, and on such facts as have been proved in it, I think it may be said that the collision, and not the mere negligence of the defendants, is the cause of action and ground of the defendants’ liability.
It has been decided that if A accidentally drive his carriage against that of B, and the latter or his carriage is injured, trespass will lie. (Leame v. Bray, 3 East. 599.) So, if he drive it against one in which B is sitting, to the injury of his person, though the *405 latter carriage was not his property nor in his possession. (7 Taunt. 698.)
When a person is directly injured by the forcible act of another, trespass for the forcible act is a proper remedy to. recover the damages caused by it. The forcible act and consequent injury constitute the cause of action. It is immaterial, so far as the question of liability is concerned, whether it was wilful, unintentional, or the result of negligence. It is enough, so far as the plaintiff’s right to recover is concerned, that it cannot be justified. Whether it was wilful or unintentional may affect the measure of damages, but does not enter into the ground or reason of the defendants’ liability. (Wakeman v. Robinson, 1 Bing. 213.)
In Blinn v. Campbell, (14 J. R. 432,) the court “held, that if the injury is attributable to negligence, though it were immediate, the party injured has his election, either to treat the negligence of the defendant as the cause of action, and declare in case, or to consider the act itself as the injury, and to declare in trespass.”
The question was again discussed fully, in Percival v. Hickey (18 J. R. 257).
The action was trespass, for running down the vessel of the plaintiff at sea. The jury found for the plaintiff, and the Judge having requested, if they should so find, that they should state the grounds of their verdict, “they added, that the disaster was the result of gross negligence in the defendant.”
The question whether trespass could be maintained on such a state of facts, was discussed until it was exhausted, and all the previous decisions critically reviewed. Chief-Justice Spencer, who delivered the opinion of the court, concluded with this declaration : “I am perfectly satisfied, from a review of the cases, that if the defendant is liable at all, this action is appropriate, and that it ought to have been trespass rather than case, as the injury was immediate, and from gross negligence.”
The complaint of the plaintiff charges, .that the collision of the two trains was caused by the negligent, reckless, careless, and wrongful management of the trains; that by reason, and in consequence of the collision so produced, the platform of the car on which the plaintiff stood, “was with great force and violence shaken, and broken, and otherwise injured, by means whereof the plaintiff was knocked or thrown down, and with such power *406 that his right leg was fractured between the ankle and knee, and he otherwise severely and seriously bruised and injured upon and about the body.”
In brief, the complaint is, that plaintiff being a passenger in one of the trains, the defendants wrongfully run the two trains against each other wiith such force and violence, that the plaintiff was knocked down, his leg was fractured, ánd he was otherwise severely bruised and injured.
This states, as. a cause of injury and ground of action, a wrongful and forcible act of the two defendants, of itself single and entire, which immediately and directly injured the plaintiff’s.person. Trespass would lie, for such an act, against the parties concerned in this .act of force and injury.
Enough is stated to make a declaration, good in substance, in an action of trespass vi et armis.
Then what is the rule, as to the persons chargeable as principals, or joint trespassers, iri such an action?
It cannot be stated better, or more briefly, than was doné by the court in Guille v. Swan (19 J. R. 381-382). “ Where an immediate act is done by the co-operation, or the j oint action of several persons, they are all trespassers, and may be sued jointly or severally ; and any one of them is liable for the injury done by all.”
Without the gross negligence of each defendant, there might have been no collision, and, of course, no injury. It cannot be affirmed, from' any fact found, nor be deduced clearly from the evidence, that if either of the defendants had not been guilty of negligence, there would have been a collision.
The act, which is charged as the direct cause of the injury, is the result of the co-operating action of both defendants, and without such co-operating action, might not, and, for aught we know, or can see, would not have occurred or existed.
In this respect, it differs intrinsically from the facts of some cases, which are relied upon as tests, to determine whether an action shall be .joint or several.
A reference to one or two, 'as a specimen of the class, will suffice.
Williams v. Sheldon (10 Wend. 654) was an action against eight persons, as joint trespassers, for cutting and carrying away logs from the plaintiff’s lot. One hundred and fifty logs were cut arid *407 carried away. The jury were charged, in substance, that if they acted in concert in cutting all the logs, they were jointly liable; but if any of them were acting separately, and for themselves alone, without any concert with the others, they ought to be acquitted, and those only found guilty who were acting jointly.
If, instead of one hundred and fifty logs, only one tree had been cut, and all had been proved to be present and employed at the same time, upon the tree, in cutting it up and carrying it away, I apprehend there would be no doubt of their joint liability. If the act of trespass had been confined to a .single piece of property, and all had actually co-operated in that act, no question of mental concert, or concurrence of purpose, could have been raised.
In Auchmaty v. Ham, (1 Denio, 495,) and Van Steenburgh & Gray v. Tobias, (17 Wend. 562,) the defendants were not sought to be charged for any thing done in person, or by their agents.
Two persons, each of whom owned a dog, were sued jointly, because their dogs had chased and worried a flock of sheep, and killed some of them, and injured others.
It was not the case of an immediate act, by thé co-operation of two persons, or their agents, causing a direct and immediate injury to the person, or a specific and single thing, the property of another. Some of the sheep may have been bitten, or killed, solely by the one dog, and some by the other.
In the present case the cause of the injury was a single act. It was immediate, its continuance or duration was but for a moment. It was forcible and violent. The plaintiff’s person was injured directly by it. The injury was caused solely by the co-operation of the two defendants in a forcible act, and so absolutely so that, without this co-operation of the two, the act itself might not, and, for aught we can see, would not have existed as a fact.
It would seem to follow that, if these two corporations were physical beings, and they had at the time done, in person, the act complained of, they might have been sued as joint trespassers. Does the fact that they acted by agents make any difference, so far as the rights and remedies of the plaintiff are concerned?
It must be remembered that the actual defendants are incorporeal beings, and can only act by agents. It is a part of the law of their being that they can act only by the instrumentality of natural persons.
*408 Yet it has been repeatedly adjudged that they may be sued in trover or trespass, and may be indicted. (Beach v. The Fulton Bank, 7 Cowen, 485; The People v. The Corporation of Albany, 11 Wend. 539; Riddle v. The Proprietors of Locks, etc., 7 Mass. 169.) The principle settled by adjudged cases seems to be this:—
• When an injury is done by the agents of corporations, in the course of their employment, by whom alone they can act at all, the corporation should be responsible, so far as concerns the rights and remedies of the injured party, when liable at all for such injuries, in the same manner as an individual. Not only in contemplation of law, but in fact, the acts of such agents are the acts of their principals. There is now no obstacle to a recovery, according to the liability arising upon the actual facts of the case, created by the mere form of an action.
The collision being the act of the two companies, and that act being forcible and without any thing to justify it, and the plaintiff having been injured directly by it, the defendants, although corporations, being liable for it, may be sued jointly, as well as natural persons.
Is the negligence of the Harlem Company to be imputed to the plaintiff, so that he cannot recover against the New Haven Company at all, provided the Harlem Company could not itself, by reason of such negligence, recover against the New Haven Company the damages which resulted to the former from the collision? The counsel of the New Haven Company insists that, the proposition that he cannot recover is sound in principle, and supported by authority. He cited, and mainly relies upon, Thorogood v. Bryan, (8 M. G. & S. 116,) and Catlin v. Hills, and others, (id. 123.)
Those cases hold that one who sustains an injury from a collision with an omnibus or vessel, cannot maintain an action against the owners of such omnibus or vessel, if negligence on the part of those having the guidance of the omnibus or vessel in which he was, at the time, a passenger, conduced to the collision.
This question is one of great importance, and was conceded in those cases to be one of novelty. The rule invoked by the New Haven Company, in its defence, if it is declared to be the law of the land, and applicable to passengers carried by incorporated railroad companies, should find in the common law some well-settled principles sufficient to uphold it.
*409 One principle, deemed to be as well settled as any other, gives to every person injured, without fault or negligence of his own, by the negligence of another, a remedy by action to recover from him the damages sustained. Why should he lose this right, because he was, at the time, a passenger in the cars of a railroad company, whose negligence conduced to the act which caused the injury?
The railroad companies incorporated by our state legislatures are grantees of a franchise. In the view taken of them by the legislature, and by the courts, the state, as such, has an interest that the roads which they are authorized to construct, should be built and operated.
The courts have held, that the legislature, in its discretion, might justly determine, that the benefit from them to the public would be of sufficient importance to render it expedient and constitutional to authorize, in their behalf, the exercise of the right of eminent domain, and private property to be taken for their construction, on making just compensation.
It is true, that no person is under any physical necessity of travelling upon them. But the exigencies of business, for all practical purposes, make it absolutely necessary to- use them. A passenger in their cars has no control of their movements. On the contrary, he is required to submit to every rule and regulation which the company, in the appropriate exercise of its discretion, prescribes for the conduct of the passengers.
I can see no reason, or consideration of public policy, which Should deny to such a passenger a right of action against another person or company, by whose negligence he has been injured, solely on the ground that the company, in the cars of which he was a passenger, was also guilty of negligence, which conduced to the act, or casualty causing the injury.
If it be said, that under this rule, the New Haven Company may be compelled to pay the whole of the damages caused, in part, by the negligence of the Harlem Company, it may be answered that, under the contrary rule, the Harlem Company would be compelled to pay damages, which, but for negligence on the part of the New Haven Company, might never have been occasioned. The answer to this complaint, by either company, is, that when an injury is produced directly and immediately, by the *410 co-operating and concurring influence of each in wrong doing, each is liable to the injured party for the whole consequences of the 'wrong. Being participants in, and parties to, the wrong, the law does not, in this case, any more than in any case of pure tort, undertake to ascertain what proportion of the injury was caused by the negligence of either, and hold him responsible for that only, but, on the contrary, permits the injured party to join all the wrong-doers in one action, or to sue them separately, and, in either case, to recover the whole damages to which he has been subjected.
In point of fact, the plaintiff had no more right or power of control over the one company than over the other. Any fiction of law which imputes to him the negligence of the company, in the cars of which he was a passenger, is a satire upon its pretensions to administer justice according to the truth of the case, as disclosed by the facts which the evidence has established.
It will not be denied that if any person, not a passenger in the cars of any company, was injured by the negligence of the latter, that such negligence would not be imputed to any-We, being a passenger at the time, in any such sense, as to subject him, to any liability to the injured party.
Why should it be imputed to him, so as to deprive him of a right to redress against another company, for the negligence of the latter, which right would have been indisputable, if he had not been a passenger in the cars of either company ?
In Thomas v. Winchester, (2 Seld. 397-410,) the Court of Appeals seem to have affirmed the proposition, that there is a recognized distinction between an act of negligence imminently dangerous to the lives of others and one that is not so.
In the former case, it is said that the party guilty of the negligence is liable to the party injured, whether there be a contract between them or not; in the latter, the negligent party is liable only to the person with whom he contracted.
But without attaching, so far as this question is involved, any special importance to the fact that the act of negligence, in this case, was one imminently dangerous to human life, it may be said that there is nothing in the nature of the act furnishing a distinct consideration to induce a court to adopt the rule under which the Hew Haven Company seeks to exonerate itself from liability.
*411 The point now under consideration was not taken at the trial, and the record does not disclose that even the suggestion was then made that the defendant was exempli from liability on this .ground. But as the Code allows the objection, that the complaint does not state facts sufficient to constitute a cause of action, to be taken in any stage of the action, the question may be raised as well on an appeal from a judgment in it as on a demurrer to the complaint. (§ 148.)
We think the rule, as the New Haven Company insists it should be declared and applied in this case, is not warranted by any considerations of public policy, and infringes the principle, that every person injured, without fault on his part, by tlie negligence or forcible act of another, may recover of the latter the damages sustained. That in a case like this, it is repugnant to good sense and common honesty to impute to him, for any purpose, the negligence of the railroad corporation, in the cars of which he was a passenger at the time he was injured by the collision of the cars of the two companies, a collision caused solely and directly by the concurring negligence of both companies; and the act of negligence on the part of each company being imminently dangerous to human life.
If these views are correct, the verdict should not be disturbed, unless some of the exceptions taken to the decisions of the Judge who presided at the trial require it.
With respect to the refusal to nonsuit the plaintiff, it is sufficient to say that the defendants did not choose to stand upon that exception; but, on the contrary, gave evidence in their own behalf, and no application has been made to set aside the verdict as contrary to evidence.
There was no error in denying the motion made by the New Haven Company for a separate trial, even if it be assumed that the defendants’ liabilities were several. The motion was not made until the trial had progressed so far that the plaintiff had rested.
The defendants having failed to demur to the complaint, waived their right to a separate trial, even if their liabilities were several. (Code, § 144, sub. 5, § 148; Session laws of 1851, p. 889, § 172.) If the opinion already expressed, that the defendants were properly united, is correct, that of itself puts an end to the exception.
The next question relates to the offer of the New Haven Com-. *412 pany to demur to the evidence, and to the exception taken to the decision overruling the offer. This offer was made after the plaintiff rested, and after the Harlem Company had opened its defence to the jury, and stated that it would consist of proof that all the negligence which caused the collision was attributable to the Hew Haven Company.
I do not think an exception to a decision overruling an offer of a defendant to demur, made when the plaintiff rested, can be reviewed, if the party, instead of relying upon his exception, gives evidence on his part, and submits the cause to a jury upon the whole evidence. If such an exception would entitle a defendant to a new trial, provided the evidence given when the plaintiff rested and the offer to demur was made, was insufficient to entitle him to recover, this result would follow. The evidence subsequently given, and submitted to the jury under proper instructions, might require and result in a just verdict against the defendant on the merits. Then, although no improper evidence had been admitted nor any proper evidence excluded, and the cause had been correctly disposed of upon the merits, the defendant would have a new trial, because the evidence given when the plaintiff rested would have entitled the defendant to a new trial, on exception to a refusal to nonsuit, or on a demurrer to such evidence, that being the whole evidence given.
I understand it to be settled that although the Judge erroneously refuses to nonsuit when the plaintiff rests, yet, if the defendant, instead of relying on the exceptions, gives evidence on his part, the exception is waived at least to this extent, that if on the whole evidence a verdict is correctly found against him, the exception cannot be made available. After the verdict has been rendered the question is, did the whole evidence warrant the finding of the jury ? Or if the motion was renewed, when all the evidence was concluded, the question might be, did the evidence justify the submission of the cause to a jury ?
If a defendant insists, when the plaintiff rests, on a right to demur to the evidence, and the Judge refuses to receive the demurrer, if the defendant intends to rely on the mere refusal to receive the demurrer, as of itself sufficient to entitle him to a new trial, he should abide by his exception. If, after excepting, he . gives evidence to the merits, and the jury find against him upon *413 the whole evidence, and properly so, the exception should be treated as having been waived, by the subsequent proceedings. The defendant has acquiesced in the sufficiency of the evidence to sustain the verdict, if an omission to move to set it aside, as being contrary to evidence, is to be deemed such an acquiescence. At all events, the verdict and an omission to move to set it aside, conclude.the defendant as to the sufficiency of the evidence upon this appeal.
In Young, et al. v. Black, (7 Cranch, 565, Livingston & Story, J. J.,) held that it was discretionary with the Judge at the trial, whether he would compel a party to join in demurrer to the evidence or not. No cases have been cited which adjudge the point that such a refusal is error, for which a new trial would be granted.
The remaining points involve the consideration of exceptions taken to the charge of the Judge.
The jury found that the Harlem Company had caused regulations, prohibiting passengers from standing upon the platform of the cars, to be printed, that the plaintiff knew of those regulations, but that npne were posted up inside of the passenger cars of this train.
The statute itself does not prevent a plaintiff from recovering merely because he stood on the platform of the car when he was injured, unless printed regulations were, at the time, posted up in a conspicuous-place inside of the passenger cars then in the train, nor even in that case unless sufficient room was provided inside the passenger-cars for the proper accommodation of the passengers. (Laws of 1850, p. 234, § 46.)
If the plaintiff’s right to recover of the Harlem Company is barred by the fact that he stood upon the platform, it is not because the statute creates the bar. Neither does the statute create an immunity, which would not otherwise exist, to the' negligence by which a passenger is injured, unless it be the negligence of the company, in the cars of which he is a passenger. The statute is penal in its nature, and so far as it adds one to any defence furnished by the rules of common law, and adds a defence which, under those rules, would not exist, it works a forfeiture of the right to be redressed for a wrong, on a rule of decision not warranted by the principles of the common law. Such a statute should not, by construction, be extended to cases for which it does not provide.
*414 The jury found there was sitting accommodation in the train sufficient for the plaintiff when he got into the cars at Harlem, but that he did not have time to get such accommodation before the collision; or, perhaps, I should say before the train was put in motion.
No motion having been made to interfere with the verdict, as being contrary to the evidence, we must regard it as a true record of the actual facts as specially found. If these facts entitle the plaintiff to recover, the judgment must be affirmed, unless the court erred in its instructions to the jury, in stating rules by which they were to be governed in finding these particular facts.
No exception was taken to the charge in respect to the matter of damages, and no complaint has been made against it on the argument of this appeal. The portions of the charge complained of relate to the plaintiff’s right to recover at all, and not to the measure of compensation, if enough was proved to justify a verdict in his favor.
I think it will be difficult to lay a finger on any passage of the charge which could have operated to the prejudice of either defendant with the jury in determining either of the six several questions to which they were requested to return, and did return, a specific answer.
The portions of the charge to which exception was taken, relate to the construction of the statute in relation to the posting of notices inside of the cars, and to the mánner in which the rule was stated as to what was such negligence of the plaintiff as would preclude him from recovering.
The Judge, after having presented his views at length, stated them in a condensed form, and on such statement submitted the cause to the jury.
He commenced with the remark, that there was no evidence that the plaintiff was prevented or forbidden by the conductor to get upon the platform. This was not excepted to, and must be taken to be true. The Judge then told the jury, that if the plaintiff, after he got upon the train, and found that the first car had no accommodation for him, had time, before the train was in motion, to have found accommodation, he was guilty of negligence which would bar a recovery, provided there was, in fact, sufficient accommodation for him, and the notices authorized by *415 the statute were posted up. I think it quite clear that the defendants have no ground to complain of this part of the charge. But if he had no time to seek for a seat elsewhere before the train was in motion, then, not having been forbidden by the conductor to stand upon the platform, he was there lawfully, and the statute could not operate to exempt the defendants from liability. To this the defendants excepted.
How some of the facts involved in these propositions were found by the jury appears by the special verdict. They found that no notices were posted up, and that the plaintiff had no time, before the train started, to seek a seat in another car. The charge assumes as an incontestible fact, that the car on the platform of which he was standing, had no inside accommodation for him, and asserts, without objection from either defendant, that the conductor neither forbid, nor attempted to prevent, his standing on the platform.
Unless the mere fact of being on the platform, under such a state of facts as exists in this case', is, per se, such negligence as disentitles the plaintiff to prosecute, then there was no error in this part of the charge.
There is no pretence that the plaintiff had the slightest reason to suppose that any cars of the Mew Haven Company were, or might be, on the track ahead of him, while some of the officers of the Harlem Company knew it, and if they had done their duty, they would have communicated this knowledge to the conductor of this train at the last stopping-place prior to the collision. The plaintiff had no knowledge of any fact or circumstance which should have induced the most cautious and prudent man to guard against the occurrence or consequences of any disaster, except some one which might possibly result from the negligence of the Harlem Company,
The negligence of the plaintiff in getting upon this car rather than upon another, or standing upon the platform when the car was full inside, and was put under motion before he had time to seek for a seat elsewhere, is not alone such negligence as bars his right to recover.
In the case of Carroll v. The N. Y. and N. H. R. R. Co., (1 Duer, 579,) the defendant’s counsel requested the court to charge the jury, that “ if they believed that the plaintiff, by riding in the baggage car, *416 increased the risk of injury to himself, and this was negligence which contributed to the injury plaintiff suffered, he cannot recover, although he had no agency in producing the collision.' The Judge refused to so charge, but charged that, “ The plaintiff here did not contribute to produce the collision itself, and there was not, therefore, such negligence on his part as will defeat the action.”
“ If the plaintiff was there with the assent of the conductor, notwithstanding the notice, he was not in fault, unless he was guilty of negligence which concurred directly in producing the injury.” “ That the negligence of the plaintiff, however, must concur directly, not remotely, in producing the accident or injury.”
This court held that the Judge committed no error in refusing to charge as requested, or in the charge that was made. The judgment of this court has been affirmed by the Court of Appeals.
In the case before us the Judge charged, that standing upon the platform of the car had no effect in producing the collision by which the injury was effected. That the mere fact of standing upon the platform was not, of itself, a defence to the action. To this part of the charge the defendants excepted.
The collision was the proximate, direct, immediate and sole cause of the injury. It is true, if the plaintiff had not been within the reach of its influence he would not have been injured. But, on the facts as found, he was in no sense in fault, as between him and either defendant, in being where he was. He was not, as to either of them, wrongfully there. He owed no duty to either of them which required him to be elsewhere. If he had been off of the train the collision would have occurred.
His being where he was, not being wrongful as to either defendant, nor a failure to perform any duty which he owed to either of them, it is no defence to an action brought to recover damages caused by their negligence, that the position, in the event of such negligence, a negligence which no one could foresee or had the slightest reason to anticipate, was one of more danger than a seat in one of the cars, and that if he had been seated he might not have been injured.
The law looks to the proximate cause of the injury. When a plaintiff did nothing which conduced to that, and at the time of its occurrence, he is lawfully in the position which he occupies, *417 and there is no negligence in not anticipating or foreseeing the possibility of an injury from the negligence of others which, if it should occur, would endanger his safety in any part of the train, and it is by such negligence that he is injured, then there is no negligence on his part, in the legal sense of the term, which contributed to the accident or to injure him. (5 Denio, 266-7.)
I think there is nothing in that part of the charge, relating to the subject of the plaintiff’s negligence, which, in contemplation of law, tended to prejudice the rights of either defendant. In determining this question, the facts which the jury have specially found, and which this appeal concedes to have been properly found, must be kept in mind. And unless, upon such conceded facts, this part of the charge may have produced a general verdict contrary to law, it will not entitle the defendants to a new trial.
I think the Judge would have been correct in instructing the jury that, as matter of law, the plaintiff was entitled to recover, if they found that he was injured directly by the collision, and that this collision was produced solely and immediately by the concurring and co-operating negligence of both defendants, provided they should also find that no notices were posted up inside of the cars, and the car on which he entered had no accommodations for him inside of it, and the train started before he had time to seek for a seat in another car, and the conductor knew of, and did not object to, his standing on the platform. (I include all these facts in this proposition because they are all established in this case.) That, on such a state of facts, the mere circumstance that he stood upon the platform at the time of the collision, would not of itself be such negligence on his part, as would be a bar to his right to recover.
Whether this proposition be a sound one, seems to me, to be the only question which the case presents, in relation to the subject of the actual liability of the defendants. Whether their liability, if it exists, is joint or several, is a different question, and has been already considered.
As to the negligence of the defendants, the Judge charged that, fhey “ are liable only in case the disaster was produced by their owp negligence. Negligence having no connection with the disaster is not to be regarded in this action. The defendants can be held jointly liable only in case the negligence was joint. If either *418 was innocent of any fault contributing to the disaster, your verdict must be for that defendant; if both were innocent, your verdict must be for both defendants.”
Independent of the question, whether joint negligence is predicable of such a state of facts, and which has been already discussed, I think the question as to the several liability of either, or neither, of the defendants, was properly submitted to the jury.
This collision occurred at about 6 o’clock A. H., of the 22d of November, 1854. This freight train of the New Haven Company was due at the Centre street depot, at 15 minutes past 11 o’clock, P. 51., of the preceding day, By its general regulations and time-tables, fixing the time of the departure and arrival of each of its trains, the New Haven Company notified the public that, between 11.15 p. M. of one day and 7 A. M. of the next day, none of its trains would be on this track of the road between Harlem and New York.
Any passenger in any Harlem train, from Harlem to New York, running at 6 A. M., was under no obligation, and owed no duty to the New Haven Company, requiring him to ride in one part of the train rather than another, in anticipation that a train of the New Haven Company, due in the city of New York at 11.15 p. M. of the 21st of November, might, at 6 A. M. of the following day, not only be on the down track of this part of the road, but, also, that it might be under such° negligent management, as to render it not improbable that there might be a collision between it and the cars of the Harlem Company, in which he was a passenger.
So long as this passenger was lawfully where he was, as between himself and both companies, and as the exercise of ordinary care on their part, and a performance of the duty which each company owed to all the passengers on this road, would have prevented a collision, and there was no fault on the part of the plain'tiff in not anticipating such a collision, or in seeking a seat with reference to its possible occurrence, it should be held, as I think, as matter of law, that the fact that the plaintiff was on the platform at the time of the collision is no bar to the action.
Negligence of a plaintiff which “ contributed to the injury complained of,” and negligence which contributed “to produce the casualty or occurrence which caused the injury,”/ are, in most *419 cases, equivalent expressions. In reference to the facts of this case, the latter mode of expression, correctly expressed the rule which should have been stated to the jury. (Carroll v. New Haven R. R. Co., 1 Duer, 571.)
There must be a judgment for the plaintiff on the verdict.