By the Court. Bosworth, J.—
This action comes before the Court, on an appeal by the plaintiff from the judgment, and from an order denying a motion, made on a case, for a new trial.
No exception was taken to the admission or rejection of evidence, or to the charge as made. The plaintiff requested a particular instruction to be given, and the Judge refused to charge otherwise, on the subject, than he did charge, and the plaintiff excepted. The Judge was requested to charge " That if the Conductor of the Harlem train knew of the plaintiff’s being on the platform, and did not object, the consent of the company may be presumed, and the company would be liable.”
The plaintiff was not entitled to this absolute instruction, unless the evidence established, beyond controversy, that he was injured by the negligence of the defendants, without any fault on *136 his part contributing to the injury; and also, if the notices authorized by §.46 of Chap 140 of the Laws of 1850 (p. 234) were posted up at the time, inside of the passenger cars then in the train, that the company at the time did not furnish room inside of its passenger cars sufficient for the proper accommodation of the passengers.
If such notices, being part of the printed regulations of the company, were duly posted at the time, and there was at the time sufficient room inside of the passenger cars for the proper accommodation o'f the passengers, the mere fact, that the conductor did not object to the plaintiff standing on the platform, would not justify the presumption that the company assented to waive a protection given to them by the statute, which, these notices expressly declared they should claim, and on which they informed all passengers the company would insist.
Whether the notices were duly posted at the time was submitted to the jury, and there was sufficient evidence of the fact to make the submission of that question proper.
The question was also submitted whether, at the time, sufficient room was furnished) inside of the cars, for the proper accommodation of the passengers. On that point, the jury were instructed that the company could not be said to have furnished sufficient accommodation inside the cars, within the meaning of the statute, unless they allowed the passengers time and opportunity to find seats, without hazard of danger, in the search, by passing from platform to platform while the cars were in motion.
We think this was a submission of this question, in a manner of which the plaintiff cannot justly complain. The plaintiff being a commuter, and a daily passenger in this train, we cannot say the jury were unauthorized in finding, that the plaintiff knew that, at the place where he entered the cars, the only vacant seats would’be found in the rear car or cars, and that other passengers, and the plaintiff, as well as others, habitually crowded upon the forward cars, although they contained no unoccupied seats, for the mere purpose of gaining a little time, by being in the cars to be first started, after horse power was substituted for that of steam.
We do not feel at liberty to say, that a verdict, finding that sufficient room was furnished at the time inside of the cars for *137 the proper accommodation of the passengers, is so clearly against evidence as to justify us in granting a new trial for that cause.
We think the evidence given was such, as made it the duty of the Judge to submit the question, whether the injury was caused without any negligence of the defendants, and by the negligence of the New Haven Company. The rules, stated to the jury as their guide with reference to the effect of the facts they might find, were not excepted to, and were not prejudicial to the plaintiff.
No objection was made to submitting to the jury either of the' questions of fact which they were left to determine, or to the charge, in any of its details, except such as may be implied by the specific instruction requested, and the exception to the refusal of the Judge to charge in the terms required.
We do not feel at liberty to interfere with the verdict, on the ground that it is not warranted by the evidence. The exception taken being untenable, the judgment and order appealed from' must be affirmed with costs.*

 See Colegrove v. Harlem and Hew Haven R, R. Cos., 6 Duer, 382. That case, and this are brought to recover damages sustained by the same collision.