## CHARLES E. HALEY *v*. JUSTUS E. EARLE.

The general rule in actions for damages arising from negligence, is that the defendant's negligence makes him liable, unless the plaintiff has done something to contribute to the accident. If he has, then he can not recover.

Although the plaintiff has been guilty of negligence, yet, if his negligence had nothing to do with the occurrence, the defendant has no right to seek on that account to excuse the negligence on his part which caused the injury to the plaintiff.

Hence, in an action for damages caused by a collision of boats, it is not erroneous for the judge to charge that, although the plaintiff's boat was without a helmsman, that was a matter of no consequence, unless the absence of a helmsman contributed to the injury.

THE plaintiff was the owner of a barge, which was towed by the steamer Niagara, on the Hudson river. The defendant was running a steamboat called the New Jersey, which boat came in collision with the barge, in consequence of which the barge was injured and sunk. At the time of the collision there was no helmsman on the barge. There was evidence upon the question whether the accident was owing to the want of a helmsman. The court charged the jury that if both were careless, there must be a verdict for the defendant. "That the plaintiff's barge was without a helmsman. *This was a matter of no consequence, unless the absence of a helmsman contributed to the injury.* If it did, the plaintiff could not recover." The jury found for the plaintiff. The general term affirmed the judgment.

—— ——, for the appellant.

*Ira Harris*, for the respondent.

INGRAHAM, J. The only question in this case is whether the judge erred in submitting to the jury the question

whether the want of a helmsman on board of the barge contributed to the accident, and if not, that that fact did not prevent the plaintiff's recovery.

The general rule in these actions is that the defendant's negligence makes him liable unless the plaintiff has done something to contribute to the accident. If so, then he can not recover. To this extent the judge at the circuit charged the jury. Was he in error in adding the instruction that if it did not contribute to the injury it was a matter of no consequence?

There is a class of cases in which the omission to do some necessary act, or the doing of some act which is forbidden, prevents a recovery, although it does not produce the act complained of. Such is the case of an insurance, where the breach of any representations made to the insured, or the omission to do some act required by the policy, affects the right of recovery, although the damage did not arise from such cause. But I do not understand that rule as applying to cases of torts. If the plaintiff, by his acts, contributes to the injury, he can not recover, irrespective of the defendant's negligence. But if he does nothing, or omits to do any thing to cause the accident, he is not in fault and may recover, although guilty of negligence which might, under other circumstances, have led to the injury.

In *Dygert* v. *Bradley* (8 Wend. 469), a new trial was granted because the judge charged the jury that the plaintiff was bound to select as a station on the canal at which to stop his boat, a safe place which would admit of the passage of boats.

In *Carroll* v. *The New York and New Haven Railroad Company* (1 Duer, 571), this question was examined at length, and the rule laid down "that one party can not recover from another damages for an injury, when his own negligence or wrong contributed to bring about the occurrence, and that if his own negligence or wrong did not

14

contribute to produce the act which caused the injury, the party doing the act is liable."

There can be no reason for setting aside this judgment for such a cause. If the negligence of the plaintiff had nothing to do with the collision, the defendant has no right to seek on that account to excuse his negligence which caused the injury to the plaintiff.

The judgment should be affirmed.

All the judges concurring, judgment affirmed.