ARTHUR SHORT *and another* v. GIDEON LEE KNAPP.

The plaintiff having led his horses, which were gentle and reliable, upon the de-
fendant's ferry boat, left them, unattended, for a few moments. Being frightened
by the boat's whistle, the horses, while thus unattended, started off, and, leap-
ing over the guard chain at the end of the boat into the river, one of them was
drowned. There were no facilities on the boat for tying horses; the guard
chain was not sufficiently elevated to stop the horses in their flight, and no one
was employed on the boat to take the care and custody of horses or other animals.
It was shown that the driver could not have stopped the flight of the horses,
even if he had been at their head or on his box, owing to the slippery state of
the boat's deck and the sudden movement of the horses.

*Held,* That the court was right in leaving the question of plaintiff's contributory
negligence to the jury, and in not granting a nonsuit asked for on that ground.

Although the plaintiff may have been guilty of negligence, yet, if the exercise on
his part of ordinary care would not have prevented the injury caused by the
defendant's negligence, the court will not say, as matter of law, that the plaint-
iff's negligence contributed to the injury suffered.*

* As the result of the English and American decisions upon this point, the
rule is stated, in a recent treatise (Shearman & Redfield on Negligence, sec. 32),
to be, that "the plaintiff's negligence, or other fault, is of no importance, if it did
not contribute to bring upon him the injury (*Norris* v. *Litchfield,* 35 N. H. 271;
*Alger* v. *Lowell,* 3 Allen, 402; *Churchill* v. *Rosebeck,* 15 Conn. 359; *Robinson* v.
*Pioche,* 5 Cal. 460; *Brown* v. *Illius,* 27 Conn. 84; *Haley* v. *Earle,* 30 N. Y. 208;
*Card* v. *N. Y. & Harlem R. Co.* 50 Barb. 39); nor, it has been said, unless it
*substantially* contributed to the injury (*Daley* v. *Norwich &c. R. Co.* 26 Conn. 591;
*West* v. *Martin,* 31 Mo. 375). The defendant is not excused by any negligence of
the plaintiff, which does not amount to a want of ordinary care on the part of the
latter in avoiding the consequences of the defendant's negligence (*Brown* v. *N. Y.
Central R. Co.* 31 Barb. 385; 32 N. Y. 597; *Davies* v. *Mann,* 10 Mees. & W. 546;
*Bridge* v. *Grand Junc. R. Co.* 3 M. & N. 244). His negligence must not only con-
cur in the transaction, but co-operate in causing the injury, or exposing him or
his property to it (*Carroll* v. *New Haven R. Co.* 1 Duer, 571; *Colegrove* v. *New
Haven R. Co.* 20 N. Y. 492; *Greenland* v. *Chaplin,* 5 Exch. 243). If the injury
certainly would have occurred, notwithstanding the exercise of due care by the
plaintiff, his omission to take such care is immaterial. Negligence on the part of
the plaintiff, tending merely to increase the damage suffered by him, is no bar to
his action (*Thomas* v. *Kenyon,* 1 Daly, 132; *Tuff* v. *Warman,* 5 C. B. [N. S.] 573;
*Kerwacker* v. *Cleveland & C. R. Co.* 3 Ohio St. 172; *Trow* v. *Vermont Central R.
Co.* 24 Verm. 494; *Butterfield* v. *Forrester,* 10 East, 60)."

APPEAL by the defendant from a judgment of the Seventh District Court.

The action was brought to recover the value of one of a pair of horses, alleged to have been lost through the negligence of the defendant. The facts elicited upon the trial are fully stated in the opinion of the court. At the close of the plaintiffs' case, the defendant moved for a nonsuit, on the ground that no negligence was shown on the part of the defendant, and gross negligence on the part of the plaintiffs. The motion was denied, and the case left to the jury, with proper instructions. The jury rendered a verdict for the plaintiffs, from the judgment entered on which this appeal was taken.

*Spring & Whetmore*, for appellant, on the point that the defendant was not liable as a common carrier, no delivery to him of the plaintiffs' property being shown, cited *Cohen* v. *Frost*, 2 Duer, 335; *Blanchard* v. *Isaacs*, 3 Barb. 388; *Tower* v. *Utica & S. R. Co.* 7 Hill, 47; *White* v. *Winnisimmet Co.* 7 Cush. 155. On the point of the plaintiffs' contributory negligence, they cited *Wilds* v. *Hudson River R. Co.* 24 N. Y. 430; *Button* v. *Hudson River R. Co.* 18 Id. 248; *Wilkinson* v. *Farrie*, Am. Law Rev. February, 1863.

*Alexander H. Reavey*, for the respondents, cited *Dygert* v. *Bradley*, 8 Wend. 469; *Keller* v. *N. Y. Central R. Co.* 24 How. Pr. 172: *Harring* v. *N. Y. & Erie R. Co.* 13 Barb. 9; *Labar* v. *Koplin*, 4 N. Y. 547; *Clark* v. *Kirwan*, 4 E. D. Smith, 21; *Eakin* v. *Brown*, 1 Id. 36; *Center* v. *Finney*, 17 Barb. 94; 22 N. Y. 209; *Mudgett* v. *Bay State Steamboat Co.* 1 Daly, 155.

BY THE COURT.—BRADY, J.—The plaintiffs' horses, with carriage attached, were led by one of the plaintiffs, who was acting as the driver of the team, on board of the defendant's ferry boat, at the foot of Twenty-third street and the East river. There was no light at the ferry gate nor upon the boat. It was about half past five in the morning, and very dark. The deck of the boat was slippery, although the driver who led the horses, as stated, did not notice that fact when he so led

them on board.   There were some persons in the coach, one of whom called to the driver, who went to the door of the coach to see what he wanted.   While talking to him, the whistle of the boat blew, and the horses started.   The driver told them to stop, and they did so—they were not frightened.   The whistle blew again, and the boat moving, caused the horses to start again.   The driver hurried to stop them, and did all that he could, but could not stop them, because the deck was slippery.   When they started they turned round and went overboard, and one of them was drowned.   There was a chain at the end of the boat which, sagging at the center, was not more than twelve inches high at that point, and was not sufficiently elevated to stop the horses, although it did stop the carriage. The driver, at the time the horses started, was talking to his passengers, having one foot on the step of the carriage and one foot inside, and was apparently guilty of negligence in thus leaving his horses ; but he testified that, in consequence of the movement made by the horses, and the slippery condition of the deck of the ferry boat, it would have been impossible for him to have stopped the horses, even if he had been at their head or on his box—a fact to which others accustomed to manage horses also testified, and corroborated his evidence on that subject.   Several witnesses also testified in reference to the chain, its arrangement, its sagging in the center, and its insufficiency for the purpose for which it was intended.   The evidence given on behalf of the defendant made a conflict upon the various elements of the plaintiffs' case—as to the elevation of the chain—the ability of a person to stop the horses if standing at their heads—the position of the driver when the horses started, and the condition of the deck.   Under the circumstances disclosed, the plaintiffs' right to recover depended upon the absence of any negligence on their part which contributed to the injury sustained.   The jury were so instructed.   If the driver had been upon his box, or standing at the heads of his horses, there could be no doubt about the right of the plaintiffs to recover, inasmuch as the horses were shown to be gentle and reliable, obedient to command, and not inclined to run away, and there was proof establishing the fact that the guards used

by the defendant on his boat were not sufficient for the purpose intended—that there was no place to tie the horses, and no proof that any person was employed on board of the boat who was charged with the care or custody of these or any other horses. Assuming this conclusion to be correct in principle, it follows that, if the driver, being on his box or at the heads of the horses could not have arrested them, his absence from both the places designated was not, *per se*, evidence of negligence contributing to the injury suffered. The facts and circumstances were to be considered and passed upon, and if the jury thought the plaintiffs guilty of negligence, they could not recover. For these reasons the justice did not err in refusing to dismiss the complaint. It does not follow, because the plaintiffs may have been guilty of negligence, that they cannot recover. The negligence must, in some degree, contribute to the injury, and, unless it does, it cannot affect the right to indemnity (*Haley* v. *Earle*, 30 N. Y. 208). Although the liability of a common carrier of animals is not, in all respects, the same as that of a carrier of inanimate property, and although he is not an insurer against injuries arising from the nature and propensities of animals, yet, if diligence and care can prevent them, he is bound to the exercise of such diligence and care (*Clarke* v. *Rochester & Syracuse R. R. Co.* 14 N. Y. 570).

" It is the duty of a ferry company to have all suitable and requisite accommodations for the entry upon, the safe transportation while on board, and the departure from the boat of all horses and vehicles passing over such ferry." They are also required to provide " all proper and suitable guards and barriers on the boat for the security of the property thus carried, and to prevent damage from such casualties as it would naturally be exposed to, though there was ordinary care on the part of the traveler " (per Dewey, J., in *White* v. *The Winnisimmet Co.* 7 Cushing, 157). Accepting this statement of the duties devolving upon ferry companies, as a concise and ample exposition of them in reference to the subject under consideration, and more particularly since the case from which it is extracted was cited by the defendant's counsel, it is established by the verdict of the jury that the defendant's boat had not

suitable guards and barriers to prevent damages from such casualties as the plaintiffs' property would naturally be exposed to. It is true, that the plaintiffs did not recover in the case just referred to, but it was for the reason that they had contributed to their injuries by their own negligence. The opposite finding on conflicting evidence sustains the judgment in this case, the jury having been instructed by the justice not only in relation to the plaintiffs' negligence, but also that the defendant was not liable unless the damages sustained by the plaintiffs were occasioned by the defendant's negligence. Upon an examination of the case in reference to the propriety of the verdict, we cannot say that it was not just. It appears clearly that the plaintiffs' horses were frightened by the act of the defendant's servant who blew the whistle, and that defendant was, therefore, in fact, the original impelling cause of the accident. Whether the use of the whistle did not impose additional caution on behalf of the defendant is a question upon which we are not called upon to express an opinion, but if such use of it is necessary in conducting the business of the ferry, or the navigation of its boats, it would seem, from the events which this case has proven, to call upon the defendant to employ ampler means for the security of passengers and animals than those adopted. We cannot interfere with this judgment. The evidence admitted under the defendant's objection, bore directly upon the question of negligence, and was pertinent and proper, and the jury were properly instructed upon the legal rules by which their deliberations were to be governed. The judgment should be affirmed.

Judgment affirmed.