By the Court.—Monell. J.*
There is no founda *433 tion for the objection that the judgment was irregularly entered, without the flat of a judge of the court. The reference was to hear and determine all the issues, and the referee took the place of the court. Upon filing his decision, it was the duty of the clerk to enter the judgment (Code § 272; Griffing v. Slate, 5 How. Pr., 205).
There was no proof in the case, that the act of the defendant’s driver was willful. The finding of the referee that the defendant’s wagon was driven violently against the plaintiff’s carriage, if it could be understood to mean a willful driving, would be unsupported by the evidence. But the finding was merely that the driving was with force, and the question whether a master is liable for the willful act of his servant does not arise.
There was no proof of any concurring negligence of the plaintiff. Dr. Belknap was driving the vehicle from which the plaintiff was thrown, and whatever negligence might have been imputed to him, none could be to the plaintiff. Therefore, even though there was concurring | negligence of the defendant’s driver and Dr. Belknap, j the action could be maintained against the defendant j alone (Colegrove v. New York & Harlem R. R. Co., 6 Duer, 382; S. C., 20 N. Y., 492). Upon the whole | case, I think the referee was authorized to find that the i plaintiff’s injury was caused by the negligence of the defendant’s driver1; and with propriety he might have further found, that the driving was reckless and in utter disregard of the safety of those who were upon the highway at the time. The thoroughfare was crowded with vehicles returning from the park, and the defendant’s driver, regardless of their safety, recklessly attempting to cross the avenue at a rapid rate of speed, ran into and upset the carriage in which the plaintiff was riding. The damages were not excessive, and only a fair remuneration for the pain and suffering of and loss to the plaintiff. I cannot find that exemplary *434 damages were allowed. Had there been, it would have been error. But the damages were discretionary, and the amount shows no abuse of the discretionary power. The judgment should be affirmed.
The motion to set aside the report of the referee was properly denied. The ground of the motion was, that the referee was not present when the witnesses were examined. As an abstract question, I am of opinion, that it is the duty of a referee to be always present during the examination of the witnesses, as it is at all other times, during the progress of the trial; but when a referee absents himself without objection, and with the tacit consent of the parties, it is too late afterwards to object. Should the objection be taken at the time, and be overruled or disregarded by the referee, the court would be obliged to set aside his report. But if no objection is made at the time, and the parties go on with the . examination of the witnesses, and finally submit all the evidence to the referee for his decision, they must be deemed to have waived the right to object afterwards. For it is but fair to presume, that no referee would allow a reference to proceed in his absence against the objection of the party. In this case it does not appear that any objection was made, or any notice taken at the time of the referee’s absence. It cannot be done now. The order should be affirmed ‘with costs.
Spencer, J., concurred.

 Present, Monell and Spencer, JJ