STEPHEN D. NOLAN, Respondent, *v.* THE BROOKLYN CITY AND
NEWTOWN RAILROAD COMPANY, Appellant.

Independent of the provision of the General Railroad Act (§ 46, chap. 140,
Laws of 1850), relieving a railroad company from liability for injuries re-
ceived by one riding upon the platform of a car, when they post in their
car a warning against so riding and furnish a seat to the passenger within
the car, it is not negligence *per se* for a passenger to stand on the
front platform of a moving car.

Plaintiff took passage on one of defendant's street cars ; there were vacant
seats inside; as he was smoking he rode upon the front platform, be-
cause, as he testified, it was the custom of the line to permit smoking
there, but not elsewhere ; while so riding the conductor took his fare,
and the driver suddenly whipped one of his horses, who plunged under
the blows, occasioning a jar which, coming without warning, threw
plaintiff off the car ; the driver attempted to stop the car by applying
the brake, but failed because the brake-chains were twisted, and plaintiff
was run over and injured. In an action to recover damages, *held*, that
the evidence was sufficient to justify the submission of the questions as
to negligence on the part of defendant and contributory negligence on
the part of plaintiff to the jury.

Defendant had a rule posted in its cars, forbidding passengers from get-
ting on or off while the cars were in motion, "or on or off the front plat-
form." *Held*, that as this rule did not forbid riding on the front plat-
form, it did not relieve defendant from liability.

A witness for the defense was asked on cross-examination, and permitted
to answer under objection and exception, if he had been expelled from
the fire department ; he answered that he had been expelled for being
absent without leave, and on that charge alone. *Held*, that the question
was improper ; but as no unfavorable inference could be drawn from
the answer, no harm could have resulted from the ruling.

(Argued October 20, 1881; decided November 22, 1881.)

APPEAL from the judgment of the General Term of the
City Court of Brooklyn, entered upon an order made October
25, 1880, which affirmed a judgment in favor of plaintiff, en-
tered upon a verdict.

This action was brought to recover damages for injuries
alleged to have been occasioned by defendant's negligence.

, The material facts are stated in the opinion.

*Charles B. Alexander* for appellant. As matter of law,
plaintiff was guilty of contributory negligence. (Gen. R. R.

Law, Laws of 1850, p. 211; *Phillips* v. *The Railroad*, 49 N. Y. 177; *Clark* v. *The Eighth Ave. R. R. Co.*, 36 id. 135, 138; *Hickey* v. *R. R.*, 14 Allen, 429, 432; *Ward* v. *Cent. Park R. R. Co.*, 11 Abb. [N. S:] 411, 414; *Solomon* v. *C. P. N. & Erie R. R. Co.*, 1 Sweeny, 298; *N. R. R. Co.* v. *Page*, 22 Barb. 130; *Beebe* v. *Ayers*, 28 id. 275; *Hibbard* v. *N. Y. & Erie R. R. Co.*, 15 N. Y. 455; *Robertson* v. *N. Y. & Erie R. R. Co.*, 22 Barb. 91; *Higgins* v. *N. Y. & Harlem R. R. Co.*, 2 Bosw. 132; *Morrison* v. *Erie R. R. Co.*, 56 N. Y. 302; *Burrows* v. *Erie Ry. Co.*, 63 id. 556; *Deyo* v. *N. Y. C. R. R. Co.*, 34 id. 9; *Griffin* v. *R. R. Co.*, 40 id. 34; *Ernst* v. *H. R. R. R. Co.*, 39 id. 61; *Mitchell* v. *N. Y. C. R. R. Co.*, 2 Hun, 535; S. C. affirmed, 64 N. Y. 655; *Beisegel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.] 29; *Halpin* v. *Third Ave. R. R. Co.*, 8 J. & S. 175.) Defendant did not insure plaintiff's safety. (*Bowen* v. *R. R. Co.*, 18 N. Y. 408; *Mc-Padden* v. *R. R. Co.*, 44 id. 478; *Taber* v. *R. R. Co.*, 71 id. 489, 494.) There must be evidence showing negligence on defendant's part. (*Cleveland* v. *N. J. Stmbt. Co.*, 68 N. Y. 306; *Rose* v. *Boston & R. R. Co.*, 58 id. 217, 222; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 365; *Toomey* v. *Ry. Co.*, 3 C. B. [N. S.] 146; *Cotton* v. *Wood*, 8 id. 568; *De Graff* v. *N. Y. C. R. R. Co.*, 76 N. Y. 131; *Daniel* v. *The Metropolitan Railway Co.*, L. R., 3 C. P. 222; Shearm. & Redf. on Neg. 14, § 12.) The mere fact that an accident happened is no proof of negligence on the part of defendant. (*De Graff* v. *R. R. Co.*, 76 N. Y. 125; *Livingston* v. *Adams*, 8 Cow. 175; *Curtis* v. *R. R. Co.*, 18 N. Y. 534; *Milton* v. *Steamboat Co.*, 37 id. 210.) The fact that the conductor took plaintiff's fare and did not drive him from the front platform does not diminish the character of plaintiff's contributory negligence. (*Clark* v. *Eighth Ave. R. R. Co*, 36 N. Y. 135, 138; *Higgins* v. *Harlem R. R. Co.*, 2 Bosw. 132.) It was improper to ask defendant's witness whether he was not expelled from the fire department. (*Greaton* v. *Smith*, 1 Daly, 380; 1 Greenl. Ev., § 461; *Lipe* v. *Eisenlerd*, 32 N. Y. 238; *Varons* v. *Socarous*, 8 Abb. Pr. 302.)

*Frederic A. Ward* for respondent. Defendant's negligence was clearly proven. (*Roberts* v. *Johnson*, 58 N. Y. 614.) The question of plaintiff's contributory negligence was one of fact. (*Ginna* v. *Second Ave. R. R. Co.*, 67 N. Y. 596; *Hardencamp* v. *Second Ave. R. R. Co.*, 1 Sweeney, 490; *Willis* v. *L. I. R. R. Co.*, 32 Barb. 402; affirmed, 34 N. Y. 670; *Edgerton* v. *H. R. R. R. Co.*, 39 id. 227; *Carroll* v. *N. Y. & N. H. R. R. Co.*, 1 Duer, 571; *Maguire* v. *Middlesex R. R. Co.*, 115 Mass. 239; Shearm. & Redf. on Neg. 323; Whart. on Neg., § 396; *Burns* v. *Bellsport R. R. Co.*, 50 Mo. 139; *Weton* v. *Middlesex R. R. Co.*, 107 Mass. 108; *Meesel* v. *Lynn & Boston R. Co.*, 8 Allen [Mass.], 234; *Germantown Pass. Railway Co.* v. *Walling*, Penn. Sup. Ct., Jan. 24, 1881; Alb. L. J. Vol. 23, No. 19, p. 371; *Morrison* v. *Erie R. R. Co.*, 56 N. Y. 607; *Clark* v. *Eighth Ave. R. R.*, 36 id. 135, 136.) Evidence on cross-examination tending to impeach the credibility of a witness should be rejected with very great caution. (*Le Beau* v. *People*, 34 N. Y. 234; *Gt. West. Turnpike* v. *Loomis*, 32 id. 127; *Shepard* v. *Parker*, 36 id. 518.) It is a matter of right in the plaintiff to have the issue of negligence submitted to the jury when it depends upon conflicting evidence, or on inferences to be deduced from a variety of circumstances in regard to which there is room for a fair difference of opinion among intelligent men. (*Wolfkill* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 49; *Belton* v. *Baxter*, 58 id. 415; *Cook* v. *N. Y. Cent. R. R. Co.*, 3 Keyes, 476; *Culhane* v. *N. Y. C. R. R. Co.*, 60 N. Y. 133–137.)

Finch, J. This is one of those cases where the real quarrel is with the verdict of the jury, and the struggle on appeal is to avoid their solution of the question of fact. Whether that can be successfully done, within the limits of our power of review, is the question to be considered.

The plaintiff, at a late hour of the evening, took passage upon one of the street cars of the defendant company. There were but two or three other passengers and abundance of room and vacant seats inside. Nevertheless, the plaintiff, who was

smoking, rode upon the front platform. He did so, he says, because it was the custom of the line to permit no smoking elsewhere, but to permit it there. While thus riding on the platform, he claims to have been thrown off and injured by the negligence of the driver. His presence upon this platform, it is now insisted, was *per se* negligence, and bars his right of recovery. No decisive authority for this proposition has been cited to us. The printed rules of the company in connection with the General Railroad Act are first relied upon. (Laws of 1850, p. 211, § 46.) That act relieves the companies from liability where they post in their cars a warning against riding on the platform, and furnish a seat to the passenger within the car. Such a notice was claimed to have been given in this case, and the rule posted in the car was produced. That rule is in these words, viz.: "Passengers are forbidden to get on or off the car while in motion; or on or off the front platform; or on or off the side, except nearest the sidewalk." This rule does not at all forbid riding on the front platform. It is the getting on or getting off from that part of the car which is forbidden; evidently because a mis-step or an accidental fall would there be more dangerous than at the rear platform. But once on, not a word of warning is uttered against remaining and riding there. The efficacy of the statute failing, it is next argued that the authorities determine the front platform to be a place of danger, and the passenger, who without necessity rides there, takes upon himself the risk of accident. We do not so understand the decisions to which our attention is called. In *Phillips v. Rensselaer & S. R. R. Co.* (49 N. Y. 177) the passenger undertook to get upon the cars while in motion, and was plainly guilty of contributory negligence. In *Clark* v. *Eighth Ave. R. R. Co.* (36 N. Y. 135) the passenger was riding on the steps of the car, a position palpably more dangerous than riding on the platform. In *Ward* v. *Central Park, etc., R. R. Co.* (11 Abb. [N. S.] 411) it appeared that the track was in bad condition from accumulations of snow and ice, of which the passenger was fully cognizant, and which the court say was suggestive of the "extreme probability" of a jar or jolt. In *Solomon* v. *Central*

*Park, etc., R. R. Co.* (1 Sweeney, 298), the boy was sitting on the step of the front platform, and was thrown off by a jolt. In all these cases there was some element warranting an inference of negligence beyond and outside of riding on the front platform. These authorities do not establish the doctrine asserted. On the contrary, the rule is settled, that, independent of the mandate of the statute, which we have seen has no application here, it is not, even in the case of steam cars, negligence *per se* for a passenger to stand on the front platform of a moving car. (*Willis* v. *Long Island R. R. Co.*, 34 N. Y. 670 ; *Hadencamp* v. *Second Ave. R. R. Co.*, 1 Sweeney, 490 ; *Ginna* v. *Second Ave. R. R. Co.*, 67 N. Y. 596.) The question is one of fact for the jury, taking into view all the circumstances of the case. (*Morrison* v. *Erie R. Co.*, 56 N. Y. 307 ; *Maguire* v. *Middlesex R. R. Co.*, 115 Mass. 239 ; *Westchester & Phila. R. R. Co.* v. *McElwee*, 17 P. F. Smith, 311 ; *Meesel* v. *L. & B. R. R. Co.*, 8 Allen, 234 ; Wharton on Negligence, § 366.) That must necessarily be the rule in a case like the present. Not only was no notice, such as required by the statute, given to the passenger, forbidding him from riding on the front platform, but he was expressly permitted so to do by the act of the conductor in taking his fare while in that position, and the proven custom of the company to require passengers who were smoking to ride on that platform. If there has been any doubt about this question, it may now be deemed settled that where the notice required by the statute is not given, it is not *per se* negligence for a passenger to ride on the front platform of a street car.

It is further claimed that no negligence of the defendant was shown. It must be freely confessed that the evidence, taken altogether, is very unsatisfactory ; but that is not the question here. It comes up in the form of a motion for a nonsuit which was denied, and that ruling must be sustained where the evidence is conflicting and the inferences to be drawn are doubtful. (*Belton* v. *Baxter*, 58 N. Y. 415 ; *Cook* v. *N. Y. Cent. R. R. Co.*, 3 Keyes, 476 ; *Ochsenbein* v. *Shapley*, 85 N. Y. 214.)

On behalf of the plaintiff, it was shown that the driver suddenly whipped one of his horses; that the animal plunged terribly under the blow, first forward, and then to one side; that a jar occurred which, coming without warning, threw the plaintiff off; that the driver attempted to stop the car by applying the brake, but failed because the brake-chains were twisted up and the brake kicked out of his hand, and before he could stop the car, the plaintiff was run over and injured. Assuming these facts to be true, there was enough to put the company upon its defense and carry the case to the jury. Inferences of negligence from the conduct of the driver in managing his team and the condition of the brake-chains were possible. These facts were very strongly contradicted, but we have no warrant to decide the question of fact.

An exception was taken to the ruling of the court permitting a witness to be asked on his cross-examination if he had been expelled from the fire department. The question was improper, because the fact sought to be proved was neither pertinent to the issue, nor did it relate to any specific fact which tended to discredit the witness, or impeach his moral character. (*People ex rel. Phelps* v. *Oyer & T. Co. of N. Y.*, 83 N. Y. 460.) If the witness had simply answered in the affirmative, the error might have been harmful, as leading the jury to suspect something neither true nor proved; but he answered that he was expelled for being absent without leave, and on that charge alone. Of course no unfavorable inference could be drawn, and we do not see how any harm could possibly have resulted from the ruling.

We think the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.