CHARLES H. WEBSTER, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

*Negligence—when it is not negligence for a passenger to enter a baggage car to smoke— when that question, as well as one relating to a car being blown upon the track, should be left to the jury.*

This action was brought to recover damages for personal injuries sustained by the plaintiff while riding in a baggage car in one of the defendant's trains. The plaintiff left the passenger car and went into the baggage car to smoke, sitting on a trunk, and finding there the baggageman and another passenger. While he was there the conductor came in and had a conversation with him as to the train being late. The train ran into a freight car, which had been blown from a side track upon the main track, and the plaintiff received the injuries to recover damages for which this action was brought. The sleeping car of the train on which the plaintiff was a passenger went through the passenger car, killing eight persons and injuring others.

*Held,* that the question as to whether the plaintiff was guilty of contributory negligence in going into the baggage car was properly left to the jury, and that a verdict in his favor would not be disturbed.

*Held,* further, that the question as to whether or not the defendant was chargeable with negligence in neglecting to properly secure the freight car left standing on the side track was, on the evidence, properly left to the jury.

APPEAL from a judgment, entered upon a verdict rendered at the Monroe Circuit, and from an order denying a motion for new trial made upon the minutes.

*Daniel H. Chamberlain,* for the appellant.

*John M. Beckley,* for the respondent.

HAIGHT, J.

This action was brought to recover damages for injuries claimed to have been sustained by the plaintiff in a collision on defendant's road, at Carylon, on the 27th day of July, 1883. The plaintiff was a passenger upon the defendant's train, consisting of two engines, one baggage car, one day coach and nine sleeping cars. After leaving Lewiston the plaintiff rode in the day coach until the train was within about ten miles of Carylon, when he went into the baggage car to smoke. He entered it by the rear door next to

the day coach, and sat on a trunk. The baggageman and another passenger were there smoking. After the plaintiff entered the conductor came in and had a conversation with him in reference to the train being behind time. A short distance east of Carylon depot the train ran into a box freight car standing upon the main track, breaking it up and tipping it over in front of the first engine, on the north side of the track. The first engine was thrown from the track and tipped over on the same side, directly behind the freight car; the second engine was thrown bottom side up and across the track; the baggage car was thrown on top of the engine lengthwise; the day coach was thrown across the track by the side of the second engine; the first sleeping car went through the passenger coach and stove it up, and eight persons were killed and others injured. The plaintiff received injuries in his back and shoulder, for which the jury has found a verdict in his favor for the sum of $4,500.

At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, upon the ground that the evidence failed to establish negligence on the part of the defendant, and also upon the ground that it appeared from the evidence that the plaintiff was guilty of contributory negligence. The motion was denied, and the defendant excepted. When the evidence was closed a motion was made for the direction of a verdict upon the same grounds, which was refused, and an exception taken. These exceptions present the only questions which we are called upon to consider upon this appeal. It appears from the evidence that at the time the accident occurred it was very dark and stormy; that the engineer in charge of the first engine did not discover the freight car upon the main track until he was within three or four rods of it; that he immediately blew the whistle, shut off steam, and reversed his engine, and that the crash immediately followed. It further appeared that there were no air-brakes upon the train ; that the cars were supplied with the old hand-brakes, but we are of the opinion that no negligence chargeable in this regard contributed to or caused the injury, for it distinctly appears from the testimony of all the witnesses who have given evidence upon the subject, that had the train been supplied with air-brakes they could not have been set in time to prevent the collision or to have lessened its

effect. It further appeared from the evidence that the day before the accident the box freight car was placed upon a side track and left standing there; that at the time it was shoved onto the side track, one Marvin was in charge of the car as a brakeman; that he was seen to set the brake and get down off the car; it remained standing upon the side track until after seven o'clock of the evening of the accident; that shortly thereafter a heavy wind and thunder storm occurred, after which this car was found out on the main track by the engineer in charge of the first engine, under the circumstances already related. Evidence on the part of the defendant was given tending to show that the wind storm was one of great violence, whilst on the part of the plaintiff evidence was given tending to show that it was an ordinary storm and did not prostrate the fences or growing grain in that vicinity. William E. Rogers, a civil engineer and one of the railroad commissioners of the State, testified that he had made certain experiments upon a similar car and tracks, and found that when the brakes were tightly set upon the wheels, it would take from 1,800 to 2,000 pounds traction to start the car; that the surface of the car was about eighty-five square feet and that the wind would have to exert a pressure of about twenty-three pounds to the square foot in order to move the car under such circumstances, and that the wind would have to attain a velocity of from sixty to eighty miles an hour to produce that amount of pressure. The brakeman Marvin could not be found, and consequently his testimony was not given as to how tightly he set the brakes. A rule of the company required the station agent, before leaving at night, to see that all standing cars were out of the way and secured against a possibility of being blown out of the side track. The station agent left the station sometime before the storm; he did not go to the box car to see whether the brakes were firmly set or not, but observed that the chain was tight and that the brakes were against the wheels.

Under these circumstances the court submitted to the jury the question as to whether or not the defendant was guilty of negligence in not properly securing the box car upon the side track, and we think properly. It is true that the burden of showing that the accident was occasioned through the negligence of the defendant, and that the plaintiff was free from contributory negli-

gence was upon the plaintiff, and that it is not necessarily negligent for a company to omit performance of its own rule; but it was clearly the duty of the company to so secure the box car upon the side track that it could not be run out upon the main track by any of the ordinary wind storms liable to occur in that locality, and failing to do this it would be chargeable with negligence. The evidence was of that character that the court could not say, as a matter of law, that the brakes were properly set upon this car, for had they been, according to the testimony of the witness Rogers, it would have required a wind storm of unusual velocity and power to have moved the car out onto the main track.

The question as to whether or not the plaintiff was guilty of contributory negligence is one of more difficulty. The statute provides that " in case any passenger on any railroad shall be injured while on the platform of a car or on a baggage, wood or freight car, in violation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury, provided said company at the time furnished room inside its passenger cars sufficient for the proper accommodation of the passengers." (Laws of 1850, chap. 140, § 46.) It does not appear that any printed regulations of the company were posted in its cars, and consequently the plaintiff cannot be said to have violated any of the regulations of the company in going into the baggage car. Ordinarily the baggage car is a place of greater danger than the passenger coach, but on this occasion it turned out otherwise, for the first sleeping car smashed entirely through the passenger coach breaking it in two and killing a number of the passengers. Undoubtedly, a passenger who voluntarily rides in a baggage car or other known place of danger, in violation of the known rules of the company, when there is room in the passenger coaches provided for his accommodation, and is injured in consequence of such violation, cannot recover damages therefor. (2 Wood's Railway Law, § 304, and authorities there cited.) But in this case there were no rules of the company prohibiting passengers from riding in the baggage car; on the contrary, they appear to have been permitted to so ride by the agents of the company in charge of the train. Another passenger was riding in the baggage car at the

time the plaintiff entered. The baggageman was there and shortly after the conductor entered. The conductor conversed with the plaintiff but does not appear to have warned him against riding in that car.

In the case of *Haley* v. *Earle* (30 N. Y., 208) it was held that the general rule in actions for damages arising from negligence, is that the defendant's negligence makes him liable unless the plaintiff has done something to contribute to the accident. If he has he cannot recover.

In the case of *Carroll* v. *The New York and New Haven Railroad Company* (1 Duer, 571) it was held that a passenger injured by two trains of cars, running in opposite directions, coming in collision, is entitled to recover, although at the time of the collision he was in an apartment of the baggage car, notwithstanding the fact that he knew the position to be much more dangerous in the event of a collision than a seat in the passenger car, and that, too, though the result may have demonstrated that he could not have been injured if he had been in a passenger car. This case is very much in point and, so far as we have been able to discover, it has not been criticised or overruled, but is recognized as correct in the case of *Eaton* v. *The Delaware, Lackawanna and Western R. R. Company* (57 N. Y., 396), and by Wood in his recent work on Railway Law in section 304 (*supra*).

In the case of *Nolan* v. *The Brooklyn City and Newtown Railroad Company* (87 N. Y., 63), it is stated, in the opinion of the court, that " it is settled that independent of the mandate of the statute, * * * it is not, even in the case of steam cars, negligence *per se* for a passenger to stand on the front platform of a moving car."

In the case of *Werle* v. *The Long Island Railroad Company* (98 N. Y., 650), it was held that " the fact that a passenger, failing to find a seat and having none pointed out to him by any employee of the company, takes a position on the platform of the car where other passengers are riding, and without objection from any employee, and is thrown from the car by a sudden lurch given it by the great and increased speed with which the train is run when turning a curve, does not, as matter of law, establish contributory negligence."

In the case of *Goodrich* v. *The Pennyslvania and New York Canal and Railroad Company* (29 Hun, 50), we were called upon

to determine in some respects a similar question to the one now under consideration. We then reached the conclusion that under the circumstances of that case the question of contributory negligence was one for the jury. In that case we regarded the evidence tending to establish contributory negligence even stronger than the evidence presented in this case. Whilst the conclusion in that case was reached with some hesitancy, we are still inclined to the opinion that it should be followed in this case, and that the question of contributory negligence was one properly submitted to the jury.

The judgment and order should be affirmed.

BRADLEY and CORLETT, JJ., concurred.

Judgment and order affirmed.