There is no allegation of permanent injury. The defendant asked, among other things, that the plaintiff furnish a bill of particulars of "the nature, location, and probable duration of each and every injury alleged in the complaint, except as specifically stated therein, showing particularly how plaintiff was 'injured and bruised, and rendered sick, sore, and lame,' as alleged in paragraph three of the complaint." This demand was refused in the order appealed from.

The case of Steinau v. Railway Co., 63 App. Div. 126, 71 N. Y. Supp. 256, supports the order. The court there said (page 127, 63 App. Div., and page 257, 71 N. Y. Supp.): "We do not think the plaintiff should be compelled to specify by a bill of particulars the injury complained of, its nature, location, and extent." The same court held in Curtin v. Railway Co., 65 App. Div. 610, 72 N. Y. Supp. 580, that such a bill of particulars should be required in the case of permanent injuries, but this has no application to the present case. The defendant may, of course, move in a proper case to compel the plaintiff to make his complaint more definite and certain, and may also apply under the provisions of the Code of Civil Procedure for a physical examination of the plaintiff. No reason therefore exists for restricting a plaintiff to proof upon the trial of definite items of injury not permanent in character, but which may be progressive in their nature and effects, and of which he may not be aware at the time when the bill of items is required.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

(69 App. Div. 560.)

EBERHARDT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

1. PERSONAL INJURIES—INADEQUATE DAMAGES.

A verdict of $1,000 for injury to plaintiff, resulting in loss of a leg, necessitating idleness for a year, followed by his being able to obtain work paying only $5 a month and board, while previously he had earned $20 a month and board, is properly set aside as inadequate.

2. STREET RAILWAY ACCIDENT—NEGLIGENCE—WHIPPING HORSES.

A street railway may be held negligent where the driver, without warning, struck his horses, a spirited team, starting the car with a sudden jerk, causing a passenger in the crowded front platform to lose his hold, and throwing him to the ground.

Jenks, J., dissenting.

Appeal from trial term, Kings county.

Action by John George Eberhardt against the Metropolitan Street Railway Company. From an order setting aside a verdict and granting a new trial on the ground that the damages were inadequate, and from a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Theodore H. Lord (Charles F. Brown, on the brief), for appellant. Stephen C. Baldwin, for respondent.

WOODWARD, J. This action has been tried twice. Upon the first trial the jury found a verdict in favor of the plaintiff for $1,000, which on motion of the plaintiff was set aside, and a new trial granted, on the ground that the damages were inadequate. The plaintiff, a young man of 28, who was earning $20 per month, with his board, washing, etc., was run over by one of defendant's cars, resulting in the amputation of one of his legs just below the knee. After being idle about one year, the plaintiff was again at work, earning about $5 per month in addition to his board, etc.; and the learned court at trial term, very properly, we believe, set the verdict aside as inadequate. Certainly, if the defendant was responsible for the injury, the sum of $1,000 was entirely inadequate to compensate him for the suffering and the loss of earning power which resulted; and the verdict must have been arrived at, not from a consideration of the evidence, but from a spirit of compromise, which denied to the plaintiff substantial justice. We are of opinion that the order appealed from should be affirmed.

In the meantime the case has been tried a second time, resulting in a verdict for $7,000; and from the judgment entered, and from an order denying a motion for a new trial, appeal comes to this court. The appellant urges that no negligence was shown on the part of the defendant's driver, but an examination of the evidence convinces us that it is sufficient to support the verdict of the jury upon this point. The theory of the case which must have been accepted by the jury was that the plaintiff, with several companions who had been upon a successful fishing excursion, boarded one of the cars of the defendant, bound north on First avenue; the plaintiff taking a position on the front platform. The car was full, or at least there were no vacant seats inside of the car; and the plaintiff, carrying 17 fish, weighing about one pound each, was upon the front platform with six other men, including the driver,—some of them being obliged to stand upon the steps, and to hold on to the bars or rails provided for that purpose. While in this position the conductor collected the fares, and the plaintiff stood with his right hand holding on to the "grab handle," as it is described in the testimony, while the other was used to hold the fish, which were carried on a string thrown over his shoulder. While the car was passing upon a grade, and when nearing the summit, the driver struck the horses—a spirited team—with the whip, the car was started with a sudden jerk, the plaintiff's hold upon the grab handle was broken, and he was thrown out upon the street in such a manner that he was dragged under the car and run over, resulting in the crushing of one of his legs so that amputation below the knee was necessary. The appellant insists that it is not negligence, as matter of law, to use a whip upon horses used in drawing street cars, and we quite agree with this proposition; but we are persuaded that, under the circumstances detailed by the plaintiff and his witnesses, the jury might properly determine, as a matter of fact, that with the platform loaded as this one was, and with a spirited team to handle, the defendant's driver was not justified in striking the horses without giving warning, and that he was guilty of negligence in so doing. It is difficult to dis-

tinguish this case from that of Nolan v. Railroad Co., 87 N. Y. 63, 41 Am. Rep. 345, except in points which are not favorable to the defendant in the present action; and the cases having been submitted to the jury upon a conflict of evidence, and the trial court, with the parties before it, having refused to grant a new trial, we are not disposed to interfere.

We find no reversible error in the admission of evidence upon cross-examination, and the verdict for $7,000 is not so far excessive as to warrant the conclusion that the jury was actuated by improper motives in reaching its conclusion.

Judgment and order modified by deducting therefrom the costs and disbursements of the first trial, which should have been imposed on setting aside the first verdict on plaintiff's motion, and as thus modified affirmed, without costs. All concur, except JENKS, J., who· dissents.