### BOSOIAN v. HUBBARD et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

APPEAL AND ERROR (§ 1001*)—REVIEW—QUESTIONS OF FACT—VERDICT.
     A verdict supported by evidence should not be disturbed on appeal.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3934; Dec. Dig. § 1001.*] ·

Appeal from Trial Term, Queens County.
Action by John Bosoian against Samuel T. Hubbard and others, doing business under the firm name of Hubbard Bros. & Co. From a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Eugene D. Hawkins (Alfred Gregory, on the brief), for appellants.

Nathan F. Giffin (George F. Maguire, on the brief), for respondent.

RICH, J.　The plaintiff testified that on January 7, 1904, he had an interview with one of the defendants, who were brokers, in which he informed him that he wished to trade with them in cotton, and inquired as to the amount of margin that would be required on a purchase of 100 bales, and the amount of their commission.　Plaintiff said:

"'Mr. Dillingham, I want to ask you one more particular point.' He said: 'Go ahead.' I said to him: 'You would not close me out before calling on me for more margin.' He said. 'Oh, no. We give you time to put up more margin. We don't do such a bucket business. We do right business, and we will treat you right, and you leave your address here, and we will send you market letter every day.' I said: 'Mr. Dillingham, my address will be here, when I start in cotton with Hubbard Brothers, and I will go once in a while to the Cotton Exchange Gallery.'"

This conversation was followed by a deposit with defendants of $1,948, and plaintiff began to trade in cotton on margins, having some 100 transactions with defendants before the month of June, 1904.　On each of these transactions he received from the defendants a statement of the purchase or sale made, at the bottom of which were the printed words:

"It is further understood that on all marginal business the right is reserved to close transactions when margins are running out, without further notice, and to settle contracts in accordance with rules and customs of Exchange where order is executed."

On the 11th day of June, the defendants, without notice to plaintiff, closed out his accounts and transactions at a damage to him which is represented by the judgment from which this appeal is taken.

The case has been twice tried.　Upon the first trial the court directed a verdict for the defendants on the ground that the contract was modified by plaintiff's "silent acquiescence" in the clause contained in the statements.　On appeal this judgment was reversed. 121 App. Div. 510, 106 N. Y. Supp. 178.　Upon the second trial the learned justice presiding, upon conflicting evidence, submitted for the determination of the jury the questions of what the original contract was, whether it had been modified, and whether the defendants had violated their contract obligations.. These questions have been resolved in plaintiff's favor, and there is sufficient evidence to sustain the conclusions reached, and the verdict should not be disturbed.　As was said in Nolan v. Brooklyn City & Newtown R. R. Co., 87 N. Y. 62, 65, 41 Am. Rep. 345:

"This is one of those cases where the real quarrel is with the verdict of the jury, and the struggle on appeal is to avoid their solution of the question of fact."

The judgment and order must be affirmed, with costs.　All concur.