GEORGE E. THROCKMORTON, Respondent, *v.* CHARLES G. MEINKEN, Appellant.

*Nuisance — pedestrian injured by being struck by a shaft cover blown from top of building.*

*Throckmorton* v. *Meinken*, 216 App. Div. 807, affirmed.

(Argued January 25, 1927; decided February 23, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 3, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the maintenance by defendant of a nuisance. The complaint alleged that the defendant was the lessee in possession of premises 427 West Thirteenth street, New York city, and that on January 24, 1919, while the plaintiff was lawfully upon the public highway, an elevator shaft cover was maintained by the defendant in such a careless, negligent and defective condition that it was caused and permitted to blow from the said premises, striking the plaintiff, and causing the injuries complained of.

*F. A. W. Ireland* for appellant.

*Thomas J. O' Neill* and *Leonard F. Fish* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THERESA BUNT, as Administratrix of the Estate of WILLIAM H. BUNT, Deceased, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

*Negligence — railroads — passenger killed by being thrown from platform of train — failure to close doors of vestibule while train was in motion.*

*Bunt* v. *New York Central R. R. Co.*, 216 App. Div. 821, affirmed.

(Argued January 25, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered May 11, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate, while riding as a passenger on one of defendant's trains stepped from the interior of the car in which he was riding, which was immediately next to the baggage car, onto the platform between the two cars and was thrown therefrom by a lurch of the train and killed. Plaintiff contended that defendant was guilty of negligence in having the vestibule doors open while the train was in motion.

*Thomas J. O' Neill, John Ambrose Goodwin* and *Leonard F. Fish* for appellant.

*Jacob Aronson, Thomas McCall* and *Alex. S. Lyman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

JOHN FIVES, Respondent, *v.* COMPAGNIE GENERALE TRANSATLANTIQUE, Appellant.

*Negligence — ships and shipping — longshoreman injured while clearing loading gear from ship — defective winch.*

*Fives* v. *Compagnie Generale Transatlantique,* 216 App. Div. 799, affirmed.

(Argued January 26, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 28, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff, a longshoreman who had been engaged in loading cargo on one of defendant's steamships and was clearing away the gear pre-