GEORGE A. ROGERS, Respondent, *v.* LONG ISLAND RAIL ROAD COMPANY, Appellant.

First Department, December 21, 1967.

*William A. Blank* of counsel (*Robert Zicklin* with him on the brief; *George M. Onken,* attorney), for appellant.

*Daniel Ross* of counsel (*Sobel, Ross & Fliegel,* attorneys), for respondent.

*Per Curiam.* This is an appeal by defendant from a plaintiff's judgment, entered upon a jury verdict, in an action by a passenger to recover for injuries sustained while he was alighting from defendant's train at a station stop. The plaintiff testified that, as the train approached the station, the conductor, after announcing the stop, opened the door to the platform and the platform trap-door guarding the steps; that then the conductor stood aside and as the train was coming to a stop and traveling very slowly, the plaintiff entered upon the platform of the car and proceeded down the steps; that the train momentarily stopped at the station but that, as plaintiff stood on the bottom step, it started up and, after gaining considerable speed, it then stopped suddenly with a violent jerk, throwing the plaintiff several feet against a stone wall on the far side of the platform.

The defendant seeks a reversal and a new trial solely upon the ground of alleged error or inadequacy in the charge of the trial court with respect to the effect of section 83 of the Railroad Law on plaintiff's right of recovery. By failure to take proper exception, however, the defendant should be and is precluded from seeking a new trial upon this ground.

The defendant, prior to the charge of the court, had submitted 33 requests, supplemental requests and additional

requests to charge, expressing at considerable length its various contentions with respect to the rights and duties of the plaintiff and the defendant. Included therein were requests with reference to section 83 of the Railroad Law. Thereupon, in its charge to the jury, the court did cover certain of the matter set forth in the requests and did refer to and charge the substance of said section 83. However, the court also stated that the violation of the statute by the plaintiff, if the jury so found, '' may be considered by you along with all the other evidence in the case in determining whether or not the plaintiff was negligent. The application of this rule of law depends upon the facts in each particular case.''

The defendant now belatedly claims that the court improperly modified the effect of section 83 and that its statements with respect to the effect thereof were error. But the defendant made no such claim at the time of the submission of the case to the jury although the trial court had refused defendant's many requests except as charged. At the close of the court's charge, the defendant's counsel took no exception other than to state that he excepted to the court's '' failure to charge in accordance with the defendant's requests, defendant's supplemental request and defendant's additional request [which] were handed to the court.''

Under the circumstances, the defendant's counsel, by means of a specific exception, was bound to make known the nature of his objection to the charge. He could not gamble on receiving a favorable verdict on the basis of the charge as given and still save his claim of alleged error to be presented later. '' It is well settled that where several requests to charge are submitted to the court, some of which are charged as requested, some charged in a modified form and others not charged, an exception taken in the form in which it appears in this case [a general exception] cannot be sustained. The exception must be more specific and point out the particular request to which it is intended to apply.'' (*Smedis* v. *Brooklyn & Rockaway Beach R. R. Co.,* 88 N. Y. 13, 23.) In another case in point, where plaintiff excepted '' to the refusal to charge as requested by plaintiff's counsel in so far as the court did refuse, and to each of the refusals to charge as requested '', the court held: '' An exception thus taken is not sufficiently definite and specific to present a question for review ''. (*Read* v. *Nichols,* 118 N. Y. 224, 231, citing also, in point, *Newall* v. *Bartlett,* 114 N. Y. 399.)

Furthermore, some of us in the majority are of the opinion that, under the circumstances of this case, section 83 of the

Railroad Law was not applicable and that, insofar as the court charged the same, the defendant was favored rather than prejudiced. The plaintiff had not been riding on the platform but had entered upon the same after the conductor had opened the door of the car to permit passengers to leave the train. (See *Buel* v. *New York Cent. R. R. Co.*, 31 N. Y. 314; *Morris* v. *Eighth Ave. R. R. Co.*, 68 Hun 39, 43; *Thomas* v. *San Pedro, Los Angeles & Salt Lake R.R. Co.*, 170 F. 129; *Fiedler* v. *Chicago & North Western Ry. Co.*, 204 F. 2d 515.) Such entry by the passenger upon the platform was not shown to be in violation of the "printed regulations" of the defendant posted inside the passenger car. There was a notice in the car, " Please keep off this platform until the train stops ". But such a notice, merely precatory in its terms, was not the statement of any regulation or rule expressly forbidding passengers to enter upon the platform before the train had actually come to a stop. (Cf. *Kettel* v. *Erie R.R. Co.*, 176 App. Div. 430, 432, affd. 225 N. Y. 727; *Nolan* v. *Brooklyn City & Newton R. R. Co.*, 87 N. Y. 63.)

The judgment for plaintiff should be affirmed, with costs and disbursements.

STEUER and MCNALLY, JJ. (dissenting). We would reverse and order a new trial, on the ground that the trial court committed reversible error in charging the jury that plaintiff could recover even if it found that plaintiff was on the train car platform in violation of section 83 of the Railroad Law and that such violation was the proximate cause of his injuries. (*Bunt* v. *New York Cent. R.R. Co.*, 244 N. Y. 594; same case, 281 N. Y. 756; *Kettel* v. *Erie R.R. Co.*, 176 App. Div. 430, affd. 225 N. Y. 727.) In our opinion, the exception taken sufficiently called the error to the trial court's attention, but even if it did not, the error was such a fundamental one that we would take cognizance of it in the exercise of our power to reverse and to grant a new trial in the interests of justice. (*Bulat* v. *O'Brien*, 13 A D 2d 904; *De Joseph* v. *Gutekunst*, 13 A D 2d 223; 4 *Weinstein-Korn-Miller*, N. Y. Civ. Prac., par. 4017.09.)

EAGER, J. P., RABIN and WITMER, JJ., concur in *Per Curiam* opinion; STEUER and MCNALLY, JJ., dissent in opinion.

Judgment affirmed, with $50 costs and disbursements to the respondent.