■ HOWARD HAMILTON, Appellant, v DIONISIOS RAFTOPOULOS et al., Defendants, and KEITH C. APUZZO et al., Respondents.— In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered August 29, 1990, which,

upon a jury verdict in favor of the defendants Keith C. Apuzzo, the Flashner Medical Partnership, and the Doctor's Officenter on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff contends that the Trial Judge improperly sustained the defendants' objection to the introduction into evidence of part of the examination before trial of the defendant Dr. Keith C. Apuzzo. Dr. Apuzzo, called as a witness on the plaintiff's behalf, was asked a question by the plaintiff's attorney with regard to an apparently prior inconsistent statement he had made at his examination before trial. The attorney for the respondents objected to the introduction of the statement made at the examination before trial on the ground that the statement had "nothing whatsoever to do" with the question and answer that Dr. Apuzzo had given at trial. The objection was followed by an off-the-record bench conference. The objection was then sustained. The plaintiff did not put any arguments in favor of denying the objection on the record, and apparently made no further attempt to admit the statement. Under these circumstances, the issue is unpreserved for appellate review *(see,* CPLR 4017).

Further, the plaintiff's argument that the court erred when it failed to charge the jury in accordance with his written requests is also unpreserved for appellate review since the plaintiff raised only a general exception to the court's charge *(see, Stern v Waldbaum, Inc.,* 109 AD2d 789; *Rogers v Long Is. R. R. Co.,* 29 AD2d 47, *affd* 22 NY2d 918). Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.