■ FRED SINGER DIRECT MARKETING, INC., Respondent, v MEDIA RESOURCE GROUP, INC., et al., Appellants. [759 NYS2d 333] —In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated April 16, 2002, as, upon the court's dismissal of the defendant Thomas Marianacci's counterclaims alleging violations of the Labor Law, upon a jury verdict in favor of the plaintiff and against them on the cause of action to recover damages for breach of fiduciary duty, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $410,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly permitted the plaintiff to introduce reputation evidence during the presentation of its case. The reputations of the plaintiff and its proprietor were material with respect to which party was responsible for soliciting the business of a particular client (*see Georges v American Export Lines,* 77 AD2d 26 [1980]; Prince, Richardson on Evidence § 4-410, at 173 [Farrell 11th ed]).

The defendants' contention that the opinion of the plaintiff's expert did not have a proper basis is unpreserved for appellate review (*see Donaldson v County of Erie,* 209 AD2d 947 [1994]; *Hamilton v Raftopoulos,* 176 AD2d 916 [1991]). In any event, the conclusions of the expert, a certified public accountant called by the plaintiff to establish the extent of the plaintiff's lost profits, were based upon documentary evidence in the record and information obtained from the plaintiff's proprietor, a witness subject to full cross-examination (*see Wagman v Bradshaw,* 292 AD2d 84 [2002]).

The defendants' remaining contention is without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.