■ ROSALIND SILVERSTEIN, Appellant, v MARINE MIDLAND TRUST COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. TRAMMEL CROW CORPORATE SERVICES, INC., Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [828 NYS2d 131]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Blackburne, J.), entered May 19, 2005, as, upon a jury verdict on the issue of liability, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

By failing to object to the charge as given, the plaintiff failed to preserve her contention that the court erred in instructing the jury on implied assumption of risk (see CPLR 4110-b; Schlecter v Abbondadello, 5 AD3d 582, 583 [2004]; O'Loughlin v Butler, 2 AD3d 605, 605-606 [2003], citing Laboda v VJV Dev. Corp., 296 AD2d 441 [2002] and Surjnarine v Brathwaite, 290 AD2d 436 [2002]; Hamilton v Raftopoulos, 176 AD2d 916, 917 [1991]; cf. Schmidt v Buffalo Gen. Hosp., 278 AD2d 827 [2000]). In any event, any error in charging the doctrine of implied assumption of risk was harmless and would not require reversal under the circumstances of this case. Following the court's instructions and the special verdict form, the jury found that the defendants were not negligent. Thus, the jury never reached the issue of the plaintiff's comparative fault, which included assumption of risk as charged in this case (see Braunsdorf v Haywood, 295 AD2d 731, 733 [2002] [citations omitted], citing Dutcher v Fetcher, 183 AD2d 1052, 1054-1055 [1992]; Mossidus v Hartley, 106 AD2d 805, 806 [1984]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.