Weston, J.P.
(concurring in part and dissenting in part and voting to affirm the judgment in the following memorandum). While I agree with the majority that the evidence was sufficient to support a charge of ostensible agency, I cannot agree, on this record, that the issue was adequately preserved. Moreover, plaintiffs challenge to the verdict sheet as inconsistent is also unpreserved and should not be reviewed in the interest of justice. Accordingly, I respectfully dissent in part and vote to affirm the judgment in its entirety.
CPLR 4110-b provides, in relevant part, that “[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating the matter to which he objects and the grounds of his objection.” In the absence of a clear and specific objection *8 immediately following the trial court’s charge, appellate courts are unwilling to consider errors relating to the charge on appeal (see e.g. Silverstein v Marine Midland Trust Co. of N.Y., 35 AD3d 840 [2006]; Hamilton v Raftopoulos, 176 AD2d 916 [1991]; Stern v Waldbaum, Inc., No. 10, 109 AD2d 789 [1985]).
Here, the record does not indicate that plaintiff definitively and timely objected to the trial court’s charge on the ground that it should have included an instruction on vicarious liability based on ostensible agency. Indeed, nothing in the record demonstrates that plaintiff even requested a charge on ostensible agency. Although plaintiff, at trial, vaguely referred to having made such a request, he did not do so until after the jury had rendered its verdict and was excused from the courtroom. Prior to that time, the only issue discussed was whether Dr. Ladyzhenskaya was an independent contractor or an employee of Franklin Dental Health (Franklin) subject to vicarious liability. By not specifically requesting a charge on ostensible agency and failing to object to the charge as given, plaintiff failed to preserve his claim that the court erred in not submitting the theory of ostensible agency to the jury (see Silverstein, 35 AD3d at 840).
To the extent that the majority relies on plaintiffs request to charge to establish preservation, such reliance is misplaced. As the appealing party, plaintiff bears the burden of presenting a proper record for appellate review so that we, as an appellate court, can make an informed decision on the merits (see Whyte v Destra, 298 AD2d 384 [2002]). Nothing in the transcript or the court file contains plaintiffs request to charge. Instead, plaintiff simply attaches a copy of a request to charge to his brief on appeal. Since the request to charge was not part of the court file, and there is no indication as to whether the request, as submitted, was ever presented to the Civil Court, I would decline to consider it as part of the record on appeal (see Rules of the App Term, 2d, 11th & 13th Jud Dists [22 NYCRR] § 731.1 [a] [in civil actions “the clerk’s return, as required to be made and filed pursuant to section 1704, of the Civil Court Act, shall constitute the record on appeal”]).
Nevertheless, were I to consider the issue in the interest of justice, I would agree that the evidence was sufficient to support a charge on ostensible agency, and that the proper remedy would be to order a new trial with respect to so much of the complaint as is asserted against Franklin and Dr. Youdeem (see Hill v St. Clare’s Hosp., 67 NY2d 72 [1986]). The evidence *9 demonstrates that plaintiff did not specifically engage the services of Dr. Ladyzhenskaya, but instead sought treatment from Franklin. Plaintiff testified that, after going to the same dentist for about 15 years, he decided to go to Franklin after receiving a brochure from his union, which identified Franklin as a clinic providing free dental work. Since Franklin was close to his job, he made an appointment for a dental checkup and was assigned to a dentist who happened to be working at that time. In these circumstances, where plaintiff specifically sought treatment from Franklin, and not from a particular dentist, plaintiff could assume that the treating dentists at Franklin were acting on Franklin’s behalf (see id.; see also Mduba v Benedictine Hosp., 52 AD2d 450 [1976]). Thus, as the majority notes, a charge on ostensible agency should have been given and the proper remedy would be to order a new trial as to so much of the complaint as is asserted against Franklin and Dr. Youdeem.
By ordering a new trial, the majority need not reach plaintiffs remaining claim regarding the verdict sheet. In any event, that claim, too, is unpreserved, as plaintiff did not raise an objection until after the jurors had been discharged. “[B]y failing to object to [the verdict sheet] before the jury retired to deliberate, and then again failing to register an objection and/or request that the jury be sent out for further deliberations before the jurors were discharged” (Kwa v Roberts, 18 AD3d 444, 444 [2005] [internal quotation marks omitted]), plaintiff failed to preserve his claim that the verdict sheet should have been re-submitted to the jurors.
Since plaintiff failed to preserve his claims for appellate review, and as I find no basis to review those claims in the interest of justice, I vote to affirm the judgment.
Pesce and Rios, JJ., concur. Weston, J.P, dissents in part and concurs in part in a separate memorandum.