LULL VS. THE FOX AND WISCONSIN IMPROVEMENT COMPANY, impleaded with another.

In an action for damages for the flowage of land, the complaint showed that one of the defendants, in and during the year 1853, had commenced to maintain, and since that time had continued to maintain, a dam across the *north channel* of the Fox river, at M.; that the other defendant, in and during the year 1852, commenced to maintain, and since then had continued to maintain, a dam across the *south channel* of the same river, at N. ; and that said flowage was caused by said two dams. *Held*, that there was a separate cause of action against each of the defendants; and that the two causes of action were improperly joined in one complaint.

APPEAL from the Circuit Court for *Winnebago* County. Action to recover damages for the flowage of land. The

*Fox and Wisconsin Improvement Company* demurred to the complaint on three grounds, the second of which was, that several causes of action were improperly joined therein. The demurrer was sustained, and the plaintiff appealed.

*C. Coolbaugh,* for appellant, argued that the action was one *ex delicto,* and therefore the plaintiff had his election to sue all or any of the tortfeasors. 1 Chitty's Pl., 75, 76; *Low v. Mumford,* 14 Johns., 426; *Moreton v. Harden,* 6 Dowl. & Ryl., 275; Story's Eq. Pl., 530–38.

*S. R. Cotton* and *Stevens & Lewis,* for respondent, to the point that there was a misjoinder of causes of action, cited *Cary v. Wheeler,* 14 Wis., 281; *Faesi v. Goetz,* 15 id., 231.

*By the Court,* DOWNER, J.   The complaint alleges, in substance, that the plaintiff is the owner of certain lands in the county of Winnebago adjacent to a certain stream called Fox river; that in and during the year 1853, the *Fox and Wisconsin Improvement Company* commenced to keep and maintain, and since that time has kept up and maintained, and still keeps up and maintains, a dam on and across the north channel of Fox river at Menasha in said county; that the other defendants mentioned in the complaint, in and during the year 1852, commenced to keep up and maintain, and have kept up and maintained, and still keep up and maintain, a dam on and across the south channel of said river at Neenah in said county; and by means of said two dams the whole of said stream, called Fox river, has been and now is obstructed; that by reason of the keeping up and maintaining the aforesaid dams by the defendants as aforesaid, the waters of said river are so checked, stopped and obstructed that the same are set back and made to raise the waters of Lake Winnebago above their ordinary level, and to cause the waters of said lake to be raised to such a height as to force their way up and into Fox river, and to check and obstruct the waters of said river; whereby the said river and the waters thereof are so set back, checked, stopped

and obstructed that the same are made to overflow and saturate the said lands of said plaintiff, which are thereby rendered valueless, &c.

Here are two distinct causes of action set out, one against the corporation defendant, the other against the other defendants. There is no allegation that all the defendants acted together in erecting or maintaining either or both of these dams; on the contrary, it is alleged they acted separately; each dam was erected and has been maintained by a part of the defendants without the aid or even approval of the others. We are at a loss to perceive how, by the well established rules of pleading, these causes of action can be united. It is argued that the result of the separate acts of the defendants in erecting and maintaining the dams is a joint result, the same as if all the defendants had been engaged in erecting and maintaining both dams. If this were so, it does not follow that the defendant or defendants who alone erected and maintained one dam, without any concert of action or connection with the defendant or defendants erecting and maintaining the other dam, should be held liable to pay the damages occasioned by erecting and maintaining both. The argument that there is difficulty in ascertaining the damage done or caused by the erection of each dam, or that it is impossible, is certainly no reason why one defendant should pay for the damages caused by another with whom he is in no way connected. In fact, if this action can be maintained jointly against all the defendants, then each defendant is separately liable in a separate action for all the damages occasioned by the erection of both dams. We are referred to the case of *Colegrove v. Harlem and New Haven R. R. Companies*, 6 Duer, 382; 20 N. Y., 492. That was a case where a passenger standing on the platform of the car of one of the railroad companies was injured by a collision caused by the negligence of both of the corporations defendants or their respective servants, and the court held a joint action could be maintained against both companies. The court say: " Had the

collision set in motion a third body which in its movement had come in contact with and produced the same injury to the plaintiff, no good reason can be assigned against their joint liability ; such a case is in principle like the one under consideration." We doubt very much correctness of that decision. That case however is not parallel with this. The erection of the dams was not a simultaneous act. One was erected, or began to be, in 1852 ; the other in 1853. We might infer from the complaint that the owners of the dam first erected would have a right to keep up and maintain their dam by paying only the damages occasioned by its prior erection—that those damages could not be increased by the subsequent erection of a second or other dam on the other branch of the river ; if so, the damages might be very small compared with those caused by the erection of the second dam. We do not, however, express any opinion on this point. We are satisfied that a joint action cannot be maintained against all the defendants, either by the principles of the common law or the code.

No opinion is expressed as to any of the grounds of demurrer except the second.

The order of the court below is affirmed, with costs.