S. M. PRESHAW, APPELLANT, *v.* THOMAS D. DEE, AND OTHERS, RESPONDENTS.

QUO WARRANTO.—MISJOINDER.—PARTIES DEFENDANT.—Where appellant brings suit against several defendants who claim under separate and distinct appointments and commissions and are acting as officers and exercising jurisdiction over separate and distinct portions of the territory over which the appellant claims his right, there is a misjoinder of parties defendant.

PLEADING AND PRACTICE.—MISJOINDER OF DEFENDANTS.—ANSWER.— Where the misjoinder of parties defendant does not appear upon the face of the complaint, the objection may be taken advantage of by answer under the provision of Section 3224, 2 Comp. Laws, 1888, p. 338.

APPEAL from a judgment of the district court of the first district.

The answer of the defendants Dee and Stanford was joint, but they separately pleaded a misjoinder of defendants as to themselves. The findings were silent as to any misjoinder of defendants, as a conclusion of law, but found as facts that the plaintiff claimed to be justice of the peace of the whole Ogden precinct, but that said defendant Stanford claimed to be and was exercising the functions of justice of the peace for Ogden precinct No. 3, a part of what was Ogden precinct, and said defendant Dee was in the same position for Ogden precinct No. 4, part of what was Ogden precinct, and the said defendants were separately appointed and commissioned.

Section 3534 *infra* is as follows: "When several persons claim to be entitled to the same office or franchise, action may be brought against all such persons, in order to try their respective rights to such office of franchise." The remaining facts are found in the opinion:

*Mr. A. R. Heywood* and *Messrs. Boreman and Rogers* for the appellant.

*Messrs. Sutherland and Judd* and *Mr. H. H. Rolapp* for the respondents.

HENDERSON, J.

This action was brought in the first district court for usurpation of office (*quo warranto*). The complaint avers the plaintiff was on the 5th day of August 1889, duly elected to the office of justice of the peace of Odgen precinct, setting out the boundaries and extent of the precinct; that he afterwards qualified, and is entitled to such office and emoluments; "that on September 3, 1889, the defendants, and each of them, usurped said office, and have ever since continued so to do." The facts are that the county court of Weber county, on the 7th day of August, 1883, created Ogden precinct, the same as set out in the complaint. On the 5th day of August, 1889, the plaintiff was duly elected justice of the peace of said precinct, and on September 2, following, he qualified as such. On the 20th day of August, 1889, the county court of Weber county, by an order, abolished said Ogden precinct, and out of the territory embraced therein created four separate and distinct precincts, defining particulary their boundaries. and designating them, respectively as "Ogden Precinct, No. 1, 2, 3 and 4." The county court thereupon, by an order entered at the same time for the purpose of filling the vacancies in the office of justice of the peace in each of the said four precincts thus created, appointed the plaintiff herein justice of the peace in and for Ogden precinct No. 1; the defendant, N. Tanner, Jr., for Ogden precinct No. 2; the defendant, Joseph Stanford for precinct No: 3, and Thomas D. Dee for precinct No. 4. Defendant Tanner never qualified under his appointment, and has filed his answer disclaiming any right to the office. Defendants Stanford and Dee at once qualified. Commissions were duly issued to them by the governor, and they entered upon the duties of said office within and for their respective precincts. The plaintiff claims, under his election, to be justice of the peace for the entire Ogden precinct, as it formerly existed, and denies the validity of the proceedings of the county court above set forth. Defendants Stanford and Dee filed their answers, setting up the foregoing facts, and denying the rights of the plaintiff to

justly implead them. Judgment was entered for defendants in the district court, and the plaintiff appeals.

The first question for our determination is as to whether there is a misjoinder of parties defendant. It will be seen by the foregoing statements that each of the defendants is claiming under separate and distinct appointments and commissions, and are acting as officers and exercising jurisdiction over separate and distinct portions of the territory over which the plaintiff claims his right. They are not claiming a joint jurisdiction or the same jurisdiction. It is a well-established principle of law, as well as in equity, that courts will not take cognizance of distinct and separate claims or liabilities of different persons in one suit, though standing in the same relative situation. 1 Chit. Pl. (14th Amer. Ed.) 44; Bliss Code Pl. Sec. 83; Pom. Rem. Sec. 308. There must be some community in the wrong-doing among the parties who are united as co-defendants. The injury complained of must be, in some sense, their joint work. *La France* v. *Krayer*, 42 Iowa, 145; *Lull* v. *Improvement Co.*, 19 Wis. 100. Applying these principles, we think there is a misjoinder of defendants, and do not think the statute cited by plaintiff (2 Comp. Laws 1888, p. 338, Sec. 3534), is authority for the joinder of these defendants in one action.

The misjoinder not being apparent upon the face of the complaint, it was proper to take advantage of it in answer. Comp. Laws 1888, p. 245, Sec. 3224.

We deem it unnecessary to discuss the other questions involved. The judgment of the district court should be affirmed.

ZANE, C. J., and BLACKBURN, J., concurred.