THE PEOPLE EX REL. LANKFORD ET AL. v. LONG ET AL.

1. **County Commissioners—Quo Warranto—Parties—Misjoinder.**

In an action against two county commissioners jointly to test their right to hold their offices on the ground that the board was illegally increased from three to five members and that respondents were the successors in office of the two illegally added members of the board, where it appears that one of the respondents was not a successor of either of the added members of the board, a joint action could not be maintained against respondents.

2. **County Commissioners—Increase of Number—Regularity of Proceeding—Limitation.**

Where a county entitled to increase the number of its commissioners from three to five, did make such increase, and the people of the county acquiesced therein and thereafter elected successors to the added members of the board so as to keep the number at five, in an action brought by private individuals twenty years after such increase was made to test the right of the successors of the added members of the board to the office, the courts will not inquire into the regularity of the proceeding making such increase.

3. **County Commissioners — Reduction of Number — Removal from Office—Constitutional Law.**

The amendment of section 6, article XIV of the constitution, by which the number of commissioners in counties having less than seventy thousand population was limited to three, does not contemplate the removal from office of two commissioners in counties having five, but will result in the gradual reduction of the number to three as their terms of office expire and no provision is made for the election of their successors, as the amendment provides for the election of two commissioners in 1904 and every four years thereafter, and one in 1906 and every four years thereafter.

4. **Same.**

The amendment of section 6, article XIV of the constitution, adopted at the general election in 1902, by which the number of commissioners in counties of less than seventy thousand population was limited to three, does not operate to prevent commissioners elected at that election in counties of less than seventy thousand, having five commissioners, from qualifying and serving out their terms. Such commissioners are entitled to serve

out their term which by the amendment is extended so as to expire January, 1907, instead of January, 1906.

*Error to the District Court of Pueblo County.*

Mr. N. C. MILLER, attorney general, and Messrs. COULTER and GARWOOD, for plaintiffs in error.

Mr. CHAS. E. GAST and Mr. E. E. HUBBELL, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The action was brought by Lankford and others to test the right of Chauncey J. Long and Alfred H. Smith to hold the offices of county commissioners in Pueblo county. The complaint sets forth two causes of action. In the first it is alleged that prior to the 13th of January, 1903, there were three regularly elected, qualified and acting county commissioners of the county of Pueblo, whose terms of office did not expire in January, 1903, to wit: D. C. Taylor and John T. West, who had been elected in the year 1900 to serve for a period of three years from January, 1901; and J. H. Williams, who had been elected in 1901 to serve for a period of three years from January, 1902. The relators further allege, on information and belief, that at the time of the adoption of the constitution, and for several years thereafter, the county of Pueblo was a county of less than ten thousand inhabitants, and that at the time of the adoption of the constitution and until March 19, 1883, there were but three county commissioners in said county of Pueblo, constituting the board of county commissioners. That about March 19, 1883, two persons other than the regularly elected county commissioners of said county convened with the regularly elected county commissioners as the board of county commis-

sioners, and since that time, by election from time to time, the number of county commissioners *de facto* in said county of Pueblo has been kept at the number of five; that the citizens of said county did not at any time, by a petition of a majority of the legal voters thereof, or otherwise, express a desire to increase the number of the members of the said board of county commissioners of Pueblo county from three to five, nor were any steps taken increasing the number of said board, but the lawful number of county commissioners in said county of Pueblo is, and at all the times herein mentioned was three; and that the said respondents, Chauncey J. Long and Alfred H. Smith, are the present successors of the two commissioners who were illegally added to the board, and of no other; that said Long and Smith, notwithstanding the premises above set forth, without authority or warrant of law, on or about January 13, 1903, intruded into and usurped the office of county commissioner of said county of Pueblo, and assumed, and still assume, to be regularly elected, qualified and acting county commissioners of said county.

In the second cause of action it is stated that at the state election held on November 4, 1902, the people, by a majority vote, adopted as a part of the constitution an amendment to section 6, article XIV, by which amendment the number of county commissioners in counties having a population of less than seventy thousand was and is limited to three; that said amendment became effective when ratified by the people, on the 4th day of November, 1902; that Pueblo county is a county having less than seventy thousand population, and that the defendants, Long and Smith, notwithstanding the premises set forth, without warrant or authority of law, on or about January 13, 1903, intruded into and usurped the office of county commissioners of said county, and

assumed and still assume to be regularly elected, qualified and acting county commissioners of said county. It is also alleged that upon the 13th of May, 1903, the relators made their complaint in writing and under oath to the district attorney within and for the tenth judicial district, requesting the said district attorney to bring this action; but that the said district attorney neglected and refused, and still neglects and refuses, to prosecute the action. Wherefore the relators pray the judgment of the court ousting said Chauncey J. Long and Alfred H. Smith from the office of county commissioner of the county of Pueblo.

A demurrer was interposed upon the following grounds: ''1. That said complaint and neither the first nor second causes of action therein stated set forth sufficient facts to warrant the relief prayed for. 2. As to the first cause of action, the same appears to be barred by the statute of limitations and by the acquiescence, laches and consent of the relators, and the same presents for determination matters which at this time will not be inquired into judicially. 3. There is a misjoinder of parties defendant herein in this, that the suit attempts to try the title of two parties to two separate and distinct offices, without any community of interest or title existing as between the said defendants.''

The demurrer was sustained, and the relators having elected to stand by their complaint, the cause was dismissed. Thereupon the relators prayed an appeal to this court.

The portions of the amendment to the constitution mentioned in the complaint are as follows:

''Section 6. In each county having a population of less than seventy thousand there shall be elected for a term of four years each, three county commissioners who shall hold sessions for the transaction of

county business as provided by law; any two of whom shall constitute a quorum for the transaction of business. Two of said commissioners shall be elected at the general election in the year 1904, and at the general election every four years thereafter; and the other one of said commissioners shall be elected at the general election in the year 1906, and at the general election every four years thereafter. * * *

"The term of office of the county commissioners in each county that expires in January, 1904, is hereby extended to the second Tuesday in January, A. D. 1905, and the term of office of the county commissioners that expires in January, 1906, is hereby extended to the second Tuesday in January, A. D. 1907."—Laws 1901, page 112.

Original section 6 of article XIV of the constitution is as follows:

"In each county there shall be elected for the term of three years three county commissioners, who shall hold sessions for the transaction of county business as provided by law; any two of whom shall constitute a quorum for the transaction of business. One of said commissioners shall be elected on the first Tuesday in October, 1876, and every year thereafter one such officer shall be elected in each county, at the general election, for the term of three years; *Provided,* That when the population of any county shall exceed ten thousand, the board of county commissioners may consist of five members, who shall be elected as provided by law, any three of whom shall constitute a quorum for the transaction of business."

Section 786, Mills' Annotated Statutes, is as follows:

"Whenever any county having a population exceeding ten thousand avails itself of the provisions of section 6 of article XIV of the constitution, and increases its board of county commissioners to five, it

shall, at the first ensuing general election, elect three commissioners, one of whose term of office shall be three years, one two years and one one year. At the next ensuing general election, and every three years thereafter, it shall elect two, whose term of office shall be three years. At the next general election and every three years thereafter it shall elect two, whose term of office shall be three years, and at the next general election, and every three years thereafter, it shall elect one whose term of office shall be three years.''

In the year 1876, according to the requirements of the constitution, a county commissioner was elected for the term of three years. Every year thereafter a county commissioner was elected for the full term of three years. When the membership of the board was increased to five, the two members added to the board (it appearing that they took their places in the month of March, 1883) held under the appointment until the general election of that year. At the election in 1883, three commissioners were elected: one for a term of three years; one for a term of two years, and one for a term of one year. The commissioners elected in the fall of 1883, then, were one commissioner whose term expired under the constitution in January, 1884, and the two commissioners whose term by appointment expired at the election in 1883. These two commissioners, when elected, therefore were elected to fill terms expiring in January, 1885, and in January, 1886. At the expiration of these one- and two-year terms these terms were increased to three years. So that the commissioner elected in 1885 is the predecessor of the commissioner whose term expired in January, 1903, and the commissioner elected in 1886 is the predecessor of the commissioner whose term began in 1901. It follows, therefore, that the two commissioners who were elected in the year

1902 were not both the successors of the commission-ers who were appointed in 1883, at which time the board of commissioners was increased from three to five members. Therefore, although we should assume that a joint action might be maintained against the respondents under the second cause of action, the joint action cannot be maintained under the first cause of action for the reasons stated. But we think we should not inquire into the regularity of the proceed-ings by which the membership of the board was increased. The members were added to the board in the year 1883. For more than twenty years the peo-ple have acquiesced. They have elected successors of these two members, and the affairs of the county have for this period been conducted by a board con-sisting of five members. Pueblo county has all this time been entitled to a board consisting of five mem-bers, and even though it should appear that the pro-ceeding in 1883 was not in all respects regular, it should not be disturbed at the instance of private individuals for the purpose of trying the title to the office of a commissioner elected in 1902.

The amendment to the constitution, we think, does not contemplate the removal of two members of the board of county commissioners in counties where the board is composed of five members. It makes no provision in express terms for reducing the member-ship of the board, but does provide for elections every two years. This will result in the gradual reduction of the board, as there can be no election for county commissioners except in the year 1904, and every four years thereafter, when two commissioners are to be elected; and in the year 1906, and every four years thereafter, when one commissioner is to be elected.

It is contended that upon the adoption of the amendment in the year 1902, persons elected at the

same election were not entitled to qualify for the reason that the constitution had reduced the membership of the board from five to three members. We think this is not the correct interpretation of the amendment. The amendment expressly provides that the term of office of county commissioner that expires in the year 1906 shall be extended to the year 1907, and it could refer to no other officers than those elected in the year 1902.

For the reasons given, the judgment of the district court is affirmed.              *Affirmed.*