STATE et al. v. GRAY et al.

Only the errors discussed in the brief will be considered on appeal.

Under Code Civ. Proc. § 580, which provides that where several persons claim to be entitled to the same office or franchise, one action may be brought against all to try their respective rights, several members of a board of township supervisors, with the same jurisdiction, and where the facts as to all are similar, may be joined as defendants in a quo warranto to determine their rights as members of the board.

Whiting, J., dissenting.

(Opinion filed June 6, 1911.)

Appeal from Circuit Court, Stanley County. Hon. LYMAN T. BOUCHER, Judge.

Quo warranto by the State of South Dakota and John H. Fox against James E. Gray and Klement L. Tomsik. Judgment on the complaint ,and defendants appeal. Affirmed.

*Philip & Waggoner,* for appellants. *Julius H. Johnson,* for respondents.

McCOY, J. It appears from the record that in Stamford township, Stanley county, two vacancies occurred in the board of township supervisors. One of said vacancies occurred in March, 1910, by reason of the failure of one Casper to qualify after election. This vacancy was attempted to be filled by Fox and Whitfield, the remaining two supervisors, who, acting by themselves, without notice to the township justices of the peace, appointed defendant Gray to fill such vacancy. The other vacancy occurred in July, 1910, by the death of Whitfield, and was filled by Fox and Gray, acting as supervisors, who appointed defendant Tomsik to fill this vacancy. This quo warranto proceedings was commenced by the state of South Dakota, on relation of said John H. Fox, against the said Gray and Tomsik as defendants to determine their rights to act as members of said board; the action being instituted by the state's attorney of Stanley county. To a petition substantially setting up the foregoing state of facts the said Gray and Tomsik demurred on the grounds (1) that there is a defect of parties defendant; (2) that several causes of action have been improperly united; (3) that the petition fails to state a cause of action. The demurrer was overruled and judgment rendered on the complaint for want of answer. The said Gray and Tomsik appeal to this court, assigning as error the overruling of said demurrer.

[1] The only alleged error discussed by appellants in their brief is the misjoinder of parties defendant. Therefore none other will be considered.

[2] It is the contention of appellants that one joint action cannot be maintained against defendants Gray and Tomsik, because they were appointed to fill different vacancies, and that the rule which forbids the joining of several distinct officers as joint defendants in one joint action of this character is applicable to

this case, and that a separate action could only be maintained against each separately. Respondent contends that, where the officers are members of a joint board such as township supervisors, it is practically one and the same office involved, and that one joint action may be maintained, and that the rule applicable to separate and distinct offices is not applicable to this case. We are constrained to the view that where defendants are members of a joint board covering the same territory, with the same jurisdiction, where the facts applicable to each are substantially similar, a joint action may be maintained, although the vacancies occurred at different times. There is in reality but one office involved, that of supervisor. Section 580, Code Civ. Proc. This seems to be the view taken by the court in State v. Kearn, 17 R. I. 391, 22 Atl. 322, and in People v. Cohn, 7 Utah, 352, 26 Pac. 928. In State v. Kearn the court said: "The respondents urge that the several members of the town council are joined as respondents, instead of proceeding against each one separately as for a distinct office. The court is of the opinion that this is not erroneous. While undoubtedly the title of a single member may be inquired into independently of the title of the others, the court sees no sufficient reason why, upon allegations which affect the title of all alike, they may not be proceeded against in one information. They are all members of one body having joint functions; and, even if it appeared that certain members have been properly elected and others not, there is no reason why a judgment of ouster against those who are not entitled to the office may not be rendered. No reason is apperant why each respondent may not justify or disclaim, as each defendant in a civil suit may separately file a plea which sets up a distinct defense, or one peculiar to himself." In the case at bar we are unable to discover any good reason why (when the office is a joint one), all or two or more holding as joint members of one office may not be joined in the same action, and especially so when the grounds of complaint are so similar as in this case, although they may have been appointed on different days for different lengths of service. The policy of the law is against a multiplicity of suits.

The judgment of the circuit court is affirmed.

WHITING, J. (dissenting). I am unable to concur in the views expressed in the foregoing opinion. If it were true that the defendants had been elected or appointed at one and the same time, and their election or appointment was being attacked upon some ground common to both defendants, and it was, moreover, true that the defendants were holding offices which commenced at one and the same time with terms expiring at the same time, I believe the rule laid down in the foregoing opinion would be the correct one, and would be supported by all the authorities cited by Justice McCOY. An examination of the decisions cited in the foregoing opinion will show that, where the same hold that two or more defendants can be united in such an action, in each case, the grounds upon which the rights of each to hold office were attacked were identical, and the defendants were holding identically the same office, being members of a board representing one district, elected at one time for identically the same term, and their right to hold office was being attacked by persons who claimed to be themselves chosen for such office. It will thus be seen, as was held in the Utah case and also in the Rhode Island case, that there can be no one defendant against whose title to the office any one of the contestants could lay claim.

The situation in the case at bar is entirely different. In March, 1910, the defendant Gray was appointed a member of the board by the joint act of two supervisors who were properly filling the offices of supervisors, but it is alleged that they acted without authority, in that a justice was not called in to act with them. It appears that one of the supervisors, who without question was properly holding office, died, and in July, 1910, the other supervisor and Gray (who was, at least, a de facto officer) held a meeting and appointed the other defendant. There is no allegation as to whether or not a justice was called in at such meeting. Under our statute the three supervisors, though representing the same district, hold for different terms. It will thus be seen that we have defendants who are members of the same board, but holding offices for different terms and claiming their offices, not by virtue of the same election or appointment, but by virtue of

appointments held at different times, and when the appointing bodies were not the same. I believe that the opinions in People v. Long, 32 Colo. 486, 77 Pac. 251, State v. Parker, 121 N. C. 198, 28 S. E. 297, and Preshaw v. Dee, 6 Utah, 360, 23 Pac. 763, are directly in point, and that under the rule laid down therein the demurrer should have been sustained.